CASE No. 817.

DUNCAN & SHUMATE v. HELLER.

1. A written offer to guarantee the debt of another in consideration of forbearance to the principal debtor, is not a complete contract, nor binding upon the writer until notice of acceptance is given to him, even though forbearance is afterwards granted. *Thomas* v. *Croft*, 1 *Strob.* 40.

2. Notice of acceptance by the creditor to the debtor, who delivers the letter of guaranty, is not notice to the guarantor, there being no proof of agency.

Before ALDRICH, J., Greenville, July, 1879.

The case is stated in the opinion of the court. One of the plaintiffs testified that Elizabeth Heller brought the letter to him from her brother at a time when witness was about to foreclose his mortgage; that he told her he would accept the proposition and grant the time asked for, which he did; that in consequence of this letter he forbore to foreclose his mortgage, and that the indulgence would not have been granted but for this letter; that in consequence of the subsequent depreciation of real estate he had lost his debt.

Verdict was for plaintiffs. Defendant, J. B. Heller, appealed.

*Mr. A. C. Garlington*, for appellant, relied upon *Pars. on Cont.* 448–450; 1 *Chitty on Cont.* 15, 16; *Thomas* v. *Croft*, 1 *Strob.* 40.

*Mr. W. E. Earle*, contra.

The letter is a clear undertaking to pay the debt. *Chitty on Cont.* 86. The intention is clear, and that is sufficient. 2 *Pars. on Cont.* 5; 2 *S. C.* 414. If any ambiguity, the construction must be most strongly against maker. *Chitty on Cont.* 98; 8 *Port.* 497; 5 *Rep.* 7, *b; Plowd.* 287; 19 *Vt.* 202; 3 *B. & P.* 399; 9 *East* 15; 6 *Bing.* 244; 3 *M. & P.* 136. The letter is to be understood as the other party had a right to understand it. 11 *Vt.* 493; 31 *N. Y.* 294. In the construction of an instru-

ment there is no difference between guarantor and principal. 13 *N. Y.* 232. Whether the plaintiffs accepted was left to the jury, and their verdict is final. Acceptance is necessary, but notice is not, where a debt already existing is secured and notice is not asked for. 2 *Pars. on Cont.* 14; 24 *Wend.* 35; 6 *Hill (N. Y.)* 543. But notice was given to the debtor, who, by bearing the letter to the plaintiffs, became her brother's agent. As to what constitutes a guaranty, and as to acceptance and notice, see 2 *S. C.* 414; 1 *Strob.* 40.

February 21st, 1880. The opinion of the court was delivered by

McIVER, A. J. The plaintiffs by this action sought to charge the appellant, J. B. Heller, as guarantor, by virtue of a letter of which the following is a copy:

"NEWBERRY, S. C., February 9th, 1877.

"SHUMATE & DUNCAN—GENTLEMEN: My sister, Elizabeth Heller, informs me that she is due you some one hundred dollars, for which you have a mortgage on her land, and she fears that you intend to push the matter. She has been down to see me to get help, and I am sorry to say that at the present time I am not able to help her, but if you will wait with her until next fall I will try and take up the mortgage. Hoping that you will consent to wait until fall, I remain yours respectfully.

"J. B. HELLER."

There was no evidence that J. B. Heller had ever been notified by the plaintiffs of their acceptance of his offer to guarantee the payment of the note of Elizabeth Heller, if indeed the terms of the letter be regarded as sufficient to amount to such an offer. This we think was fatal to the plaintiffs' case. While there may be a contrariety of decisions as to the necessity for notice of acceptance of a guaranty, we think the rule adopted by Parsons in his work on Contracts, vol. II., p. 14, is the correct one, viz., that every guarantor is entitled to notice of the acceptance of his guaranty, unless the transaction is such that of itself it gives him the requisite notice. Here, putting a construction

upon the terms of the letter most favorable to the plaintiffs' case, it is very obvious that it was not an absolute and complete guaranty, but only an *offer* to guarantee upon condition that the plaintiffs would wait with the principal debtor until the fall. Until that offer was accepted the contract was not complete and the defendant incurred no liability. The fact that forbearance was in fact exercised cannot alter the case. The forbearance which alone could constitute the consideration of the contract upon which the appellant was sued, would not constitute such consideration unless the plaintiffs bound themselves at the time the letter was received to extend such forbearance, even though they may have in fact afterward granted such indulgence. *Thomas* v. *Croft*, 1 *Strob.* 40.

It is argued here that even if notice to the appellant that his offer to guarantee would be accepted, was necessary, that such notice was in fact given to the appellant through his agent, Elizabeth Heller. A sufficient answer to this is that there is no evidence whatever that she was the agent of the appellant. The mere fact that she carried the letter to the plaintiffs cannot be sufficient to make her the agent of the appellant, for if so, in most if not all cases the rule which requires notice of the acceptance of the guaranty would be evaded, as the principal debtor ordinarily delivers the letter of guaranty to the person to whom it is addressed, and he of course knows whether the guaranty is accepted and acted upon. If, therefore, the mere fact that he carries the letter is sufficient to constitute him the agent of the guarantor, so that his knowledge will be imputed to the guarantor also, then the rule which requires notice to the guarantor, and which is solely for his benefit, so as to enable him to take such steps as he may deem necessary to indemnify himself against the risk which he has assumed, becomes practically nugatory.

The judgment of the Circuit Court is set aside and a new trial is ordered.

WILLARD, C. J., concurred.