CARROLL CO. SAVINGS BANK OF UNIONTOWN v. STROTHER.

1. Generally a guaranty is a collateral undertaking, and it is essential to its existence that there should be some one liable as principal; and if there be no valid claim against the principal, there is no existing contract of guaranty.

2. Judgment rendered by the judge without a jury, against persons alleged to be guarantors, without proof of demand against the principal, upon an instrument never proved, nor fully before the court in pleadings or evidence, set aside, the answers being held to have sufficiently raised issues requiring proof.

3. An admission that defendants "signed an instrument of writing supposed to be the paper sued on, but cannot be ·positive without an inspection of said paper, and cannot say whether the endorsement was before or after due or contained a guaranty"—was not such an admission as would justify a judgment without proof of the instrument.

Before ALDRICH, J., Edgefield, October, 1883.

The opinion sufficiently states the case.

*Messrs. Jones & Jones, R. W. Shand,* for appellants.

*Messrs. W. H. Lyles, B. W. Bettis, jr.,* contra.

April 21, 1885.    The opinion of the court was delivered by

MR. JUSTICE McGOWAN.    John C. Strother executed a paper, of which the following is a copy:

"SALUDA OLD TOWN, S. C., March 30, 1878.

"$656.    Eighteen months after date I promise to pay to the order of the Taylor Manufacturing Company of Westminster six hundred and fifty-six dollars, payable at Central National Bank of Columbia, S. C., for value received, with exchange on New York, and if not paid when due, bear interest from maturity at the rate of ten per cent. per annum, as agreed for negotiating and carrying this loan, so long as it remains unpaid, and also all counsel fees and expenses in collecting this note if it is sued or placed in the hands of counsel for collection; hereby waiving all homestead and personal exemptions without any relief whatever, or from valuation or appraisement laws.    The express

conditions of the sale and purchase of the engine and saw-mill for which this note is given is such that the title, ownership, or possession does not pass from the said Taylor Manufacturing Company until this note, with interest, is paid in full. The said company have full power of declaring this note due and take possession of said engine and saw-mill at any time they deem this note insecure, even before maturity of same.

"Witness, Ira P. Culbreath.    (Signed) John C. Strother."

On this paper appeared the following endorsement: "For value received we hereby guarantee the payment of within note when due, and hereby waive the demand and notice of non-payment thereof." (Without date.) "(Signed) Taylor Manufacturing Company. P. H. Irwin, Treas., J. E. Taylor, David Fowble, Edward Lynch, and H. Haines."

On March 17, 1883, this action was brought by the Carroll County Savings Bank of Uniontown, the plaintiffs, against John C. Strother, as maker of a promissory note, and David Fowble and Edward Lynch as endorsers thereof before due to the plaintiffs; but no copy of the paper was attached to the complaint. Strother answered, stating that the note was one of four, aggregating $2,126, given for a steam engine, saw-mill, and appurtenances, and alleging failure of consideration, fraudulent concealment, usury, &c., and pleading that more money had been paid than the property was worth. The attorney of Fowble and Lynch asked for a copy of the paper upon which they were alleged to be guarantors, but it was declined. They then answered, repeating the defence set up by Strother, and denying that they were liable as guarantors, "the requirements of the law not having been complied with." They stated that they "did endorse and deliver to the plaintiffs an instrument of writing supposed to be the paper sued on, but cannot be positive of this without an inspection of said instrument. Whether said endorsement was made before or after due, or contained a guaranty, they cannot now answer without an inspection of the instrument."

Again, complaining that no copy of the paper sued on was filed, the defendants gave notice of a motion to amend their answer by stating that the alleged guaranty was signed by several persons jointly, some of whom had not been sued, and also de-

murred to the complaint upon the ground that several causes of action were improperly united, one being against John C. Strother as maker, and the other against them as guarantors.

On this state of the pleadings the cause came on for trial. The demurrer as to the misjoinder of actions was overruled. A jury was empanneled and the case opened. The counsel for the plaintiffs and defendants do not agree as to what occurred at the trial, and upon application to the Circuit judge to settle the case he was unable to remember the particulars in which they differed. But we will take the statement of the respondent, which was as follows: "At the hearing of the cause, after the complaint was read, the defendants, David Fowble and Edward Lynch, moved, upon the notice before referred to, for leave to amend their answer, which motion was refused by the court. After the reading of the pleadings, and before any evidence was introduced, plaintiff moved the court for judgment against David Fowble and Edward Lynch, and for leave to discontinue the case against John C. Strother, and thereupon the court passed the following order: 'The case having come on for a hearing and the claim for counsel fee having been withdrawn, after argument by counsel, it is ordered that plaintiff have judgment against David Fowble and Edward Lynch for the sum of $840.50, and for costs and disbursements. It is further ordered that the suit be discontinued as to the defendant, John C. Strother, and that said John C. Strother have judgment for his costs and disbursements.'"

The alleged guarantors appeal from this judgment upon the following grounds:

I. "Because his honor erred in giving judgment against the said Fowble and Lynch for the debt sued on and seven per cent. interest instead of the principal alone without interest or costs, as the instrument sued on stipulates for ten per cent. per annum, which was usury by the law of the state when it was executed.

II. "Because his honor erred in giving judgment against the said Fowble and Lynch for principal and interest, when it is submitted that the stipulation for the payment of all costs and fees for collecting the same also made it usurious.

III. "Because his honor erred in not ruling that when an instrument stipulates for usurious interest or for any other sum

besides principal and legal interest, such as costs and fees for collection, the plaintiff could not avoid the usurious effect by withdrawing them or by not claiming them in his complaint.

IV. "Because his honor erred in allowing the plaintiff to discontinue this action as to John C. Strother, the maker and principal of the instrument sued on, and holder of the engine for which it was given, and to continue it against David Fowble and Edward Lynch, only two of the alleged guarantors of said instrument, and that, too, when the said John C. Strother was in court with his witnesses prepared to prove that the consideration of said instrument had failed, and insisting upon trial and protesting against said discontinuance.

V. "Because his honor erred in not holding that the said David Fowble and Edward Lynch were in no event liable to pay more than was legally due, and in not allowing them to introduce evidence to show that the consideration of the said instrument had failed, and especially when this evidence could have been introduced in behalf of all the defendants if the action had not been discontinued as to Strother.

VI. "Because his honor erred in not allowing the alleged guarantors to interpose at the trial, by way of amended answer, the objection that the alleged guaranty was joint and some of the signers not made parties, when it was admitted by plaintiffs' attorney that no copy of the instrument sued on with the guaranty and names of alleged guarantors endorsed thereon was served with the complaint and that he was written to for a copy and did not send it.

VII. "Because the order passed by his honor, that said John C. Strother have judgment for his costs and disbursements, releases him from all liability on the instrument sued on, and thereby the defendants, David Fowble and Edward Lynch, alleged guarantors, are also released."

From the view the court takes it will not be necessary to consider all the exceptions, but, as the case must go back, we think it better not to discuss now the various questions involved in the case. It is certainly true, as a general proposition, that a guaranty is a collateral undertaking, and it is essential to its existence that there should be some one liable as principal, and

if there is no valid claim against the principal, there is no existing contract of guaranty. It seems that a judgment was rendered against persons alleged to be guarantors, not only without proof of any valid demand against the principal, but upon an instrument which was never proved, and, indeed, in its entirety, was never before the Court, either in the pleadings or evidence. There was no proof of the execution of the note by Strother, or of the alleged guaranty by the defendants; but it is claimed that the allegations were admitted by the answers. It was not a case of judgment "by default," for all the defendants answered and made vigorous defence, and particularly Strother, the principal, who had purchased the engine, and was better able to make the defence than the alleged guarantors. But they sued with him— made common cause with him in resisting a recovery. At the last moment the cause was discontinued as to Strother, the principal, against his consent, and the other defendants being thus isolated, it was claimed that their answers, standing by themselves, made no denial of the plaintiffs' cause of action against them, and that the judge, without the assistance of the jury, could hear the cause and pronounce judgment.

We cannot take this view. Even after the motion of defendants to amend their answer was refused, and the case, as to Strother, was discontinued, we think there was, in the original answers, enough to make issues of fact upon several points which the judge could not properly decide, and they should have been left to the jury after hearing the evidence in the case. The answers not only denied generally the right of the plaintiffs to recover against them as guarantors, on account of failure of consideration, usury, &c., in the original contract (which at least receives color from their discontinuance as to the principal), but substantially put in issue the execution of the alleged guaranty sued on, its date, character, &c. The plaintiffs sued on an instrument of writing, but did not make exhibit of it, stating in their complaint only parts of it, omitting any reference to the interest stipulated, the names of all the alleged guarantors, the right reserved to the payees to take possession of the engine in payment on the debt, &c., &c. The defendants did not admit that they executed the alleged guaranty on the instrument, but

on *an* instrument supposed to be the paper sued on, "but could not be positive without an inspection of the instrument, nor as to whether said endorsement was made before or after due, or contained a guaranty."

We do not think that, in the absence of the instrument itself, this was such an admission as dispensed with further proof, and authorized the judge to pronounce judgment, without the knowledge even of the other stipulations in the instrument. It was saying in substance "that they had not sufficient knowledge to form a belief" as to the particular instrument sued on, which made it necessary that the plaintiffs should prove their case, and of that proof the jury were the only proper judges. *Tharin* v. *Seabrook*, 6 *S. C.*, 118; *Kennedy* v. *Moore*, 17 *S. C.*, 464; *McConnell* v. *Kitchens*, 20 *Ib.*, 433. A party is entitled to an inspection of the original to enable him to answer, and is not presumed to recollect the date or contents of a written instrument, not in his possession or control, and as to date may deny knowledge. *Kellogg* v. *Baker*, 15 *Abb.*, 287; *Wait. Anno. Code*, 244.

The judgment of this court is that the judgment of the Circuit Court be set aside, and the cause remanded for a new trial, or for such further proceedings as the parties may be advised.