### TARVER v. GARLINGTON.

While it may be that parol testimony is generally inadmissible to show that defendant was the principal to an unsealed note signed by another as agent, and in which the name of the principal is not disclosed, yet a complaint on such a note, setting it out in full, and alleging that it was signed by the writer as agent for the defendant, cannot be held on demurrer not to state facts sufficient to constitute a cause of action.

Before ALDRICH, J., Laurens, February, 1887.

The opinion states the case.

*Mr. N. B. Dial*, for appellant.

*Mr. John W. Ferguson*, contra.

July 4, 1887.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The action below was commenced for the recovery of a certain sum of money alleged to be due the plaintiff from defendants.   The complaint was, in substance, as follows, to wit:   That the defendants, through their agent, S. D. Garlington, made their note in writing, whereby they promised to pay the plaintiff, or order, four hundred and sixty dollars on the 1st day of November, 1884, with interest at 7 per cent., a copy of which note was attached to the complaint; and after the usual allegations of ownership and non-payment, judgment was demanded for said amount.   The copy note attached was as follows :

"$460.   On the 1st day of November next I promise to pay Samuel J. Tarver, or order, four hundred and sixty dollars for value received, with interest from date at the rate of seven per cent. per annum.   Witness my hand and seal this March 22, 1884.

"(Signed)          S. D. GARLINGTON, Agent."

The defendant, George F. Young, put in an answer denying that Garlington was his agent, and denied the alleged indebtedness; the time for Mary Garlington had not expired, and she had

not answered at the ensuing court. ' When the case was called and the complaint and answer of George F. Young read, he interposed an oral demurrer, that the complaint did not state facts sufficient to constitute a cause of action, which his honor, Judge Aldrich, sustained, dismissing the complaint with costs as to the defendant, George F. Young, with leave, however, to the plaintiff to amend his complaint. From this order this appeal is before us.

The ground upon which the demurrer was interposed, and upon which, as we suppose, it was sustained, was that a party could not be bound as principal upon a note where it was signed by another simply as "agent," as this note was signed; that under the law applicable to such cases involving the doctrine of agency, before one could be held liable as principal upon a note or other contract, his name should appear in some form upon the face of the paper, so that from the paper. itself the principal could be ascertained; and that in the absence of such fact, parol testimony was incompetent to discover or develop it. And the defendant contends here that inasmuch as the note sued on, as shown by the copy attached, was signed by S. D. Garlington, "agent," without specifying for whom he was agent, either in the body of the note or attached to the signature, and inasmuch as parol testimony would not be allowed to explain away or remove this difficulty, therefore the facts stated in the complaint fail to show a cause of action.

The principle relied on by respondent is no doubt correct. In fact, at one time in this State this doctrine was carried much further than that contended for here. See the case of *Fash* v. *Ross* (2 *Hill*, 294), where it was held that the agent signing his name for another, although the name of the other was mentioned, thus A. B. for C. D., was not sufficient. This case was, however, overruled with the cases that had followed it by the case of *Robertson* v. *Pope* (1 *Rich.*, 503; 44 *A. D.*, 267); and now the doctrine as to unsealed contracts, negotiable notes, &c., is as stated by the respondent, to wit: that the name of the principal must appear on the paper, so that from the paper itself the principal can be known. This is the general rule, and it is said by some that to this rule there is no exception. In a note to *Parsons on Notes & Bills*, page 92, however, it is stated that

there is at least one exception apparent, if not real, to wit: where the principal carries on business in the name of the agent. In that case the name of the agent is the name of the principal, *pro hac vice*. *Bank of Rochester* v. *Monteath* (1 *Denio*, 402; 43 *A. D.*, 681). In the case of *Hix* v. *Hinde* (9 *Barb.*, 528), where one had drawn a draft in his own name, styling himself simply "agent," without more, it being known at the time by all of the parties for whom he was acting as agent, it was held sufficient to charge his principal. It is true, however, that in that case a distinction was drawn between a draft and an ordinary note or contract.

The principal upon which it has been held, that where the name of the principal appears anywhere on the note, the agent himself is relieved from liability, and liability attaches to said principal, is, that the principal is known at the time of the contract, and the contract is really made with him. It was upon this principle that *Fash* v. *Ross*, *supra*, was overruled by *Robertson* v. *Pope*, *supra*, thus differentiating ordinary unsealed contracts from the technical rule governing sealed contracts in this respect. And in the case of *Robertson* v. *Pope*, *supra*, Judge O'Neall said the proof was abundant that Byers (the party who signed the note thus, "for Nath'l Pope, Sam'l Byers"), "was the agent of Byers and that Pope received half of the cattle bought for Neuffer and him." Neuffer was the other maker of the note sued on. And it seems that parol testimony was received in that case to show that Pope was a principal in the note.

Now, in the case before us, the question how far parol testimony may be allowed to come in, to explain and to fix the application of the term "agent," as used here, has not been adjudicated by the court below; at least, there does not appear any distinct and positive ruling on this question by his honor. He simply and in short form sustains the demurrer. This question, then, not being strictly before us, we pass it by. The case comes up on demurrer to a complaint, in which plaintiff alleges that the defendants, through their agent, on a note signed by said agent in his own name, "agent," promised to pay him $460. Under the rules of law and evidence, it may be that the plaintiff would not be allowed to go beyond the face of the note and prove

by parol that S. D. Garlington, in signing this note, promised for and as agent of the defendants, as alleged in the complaint, and if the case had gone to the jury, it may be that such parol evidence being excluded the plaintiff would have failed in his action. But here the defendant admits the truth of the allegations, to wit: that S. D. Garlington had promised for him, and as his agent, to pay said money. He admits the agency, admits the promise, and that it was made by the note, a copy of which is attached. In other words, so far as the demurrer is concerned, he waives his right, if he has any, to exclude parol testimony on the question of the agency, and admits it. Upon these facts admitted, the question of law is raised for the judge; whereas, if the case was before the jury, the first question would be, has the agency been established? Upon the face of the paper unexplained by parol testimony, the jury would be compelled, under the cases above, to answer in the negative. But before the judge, with the agency not even disputed, but actually admitted, it seems to us, it was error to hold that there was no cause of action.

It appears that there is at least one exception to the general rule above stated—note to Parsons, *supra*, page 95—*non constat*, but the plaintiff may be able to bring his case under that exception. Besides, the plaintiff should have the right to test the question, how far parol testimony may be admitted in a case of this kind.

It is the judgment of this court that the judgment of the Circuit Court be reversed.