7705

### J. L. MOTT IRON WORKS v. CLARK.

1. GUARANTY.—A letter in response to one asking an individual to guarantee a prospective account of a corporation, saying, "Any order made by this company by Mr. C., secretary, will be authorized and you may fill the same. I will see that you are protected in any dealings that you may have with this corporation," guarantees the account, and the fact that writer signs president after his name and that he is the president of the corporation does not affect his individual liability as guarantor, and this guaranty extends to all goods sold the corporation, whether on the order of the secretary or not.

2. IBID.—NOTICE.—The rule requiring notice by guarantee of his acceptance of the guaranty does not apply where the guarantee makes the request and the guarantor agrees to it, and the guarantee acts on the agreement.

3. IBID.—EVIDENCE.—Admission of evidence that the salesman of guarantee would not extend credit to the debtor is not so clearly prejudicial to the case of appellant as to warrant a new trial.

Before MEMMINGER J. Richland, October Term 1909. Affirmed.

Action by J. L. Mott Iron Works against W. A. Clark. From judgment for plaintiff, defendant appeals.

*Messrs. W. Clark, D. W. Robinson* and *Douglass McKay* for appellant, cite: *Whether plaintiff's salesman would extend credit to debtor is speculative:* 55 S. C. 579; 81 S. C. 197; 84 S. C. 290. *Is the paper a guaranty:* 2 Dan. on Neg. Inst. 168; 1 Brandt on S. & G. secs. 103-4; 3 Kent, Com. 121; Story on Prom. Notes 157; 2 Pars. on Cont. 117; 63 N. Y. 388; Stearn on Sur. sec. 17; 1 L. R. A. N. S. 306; 30 Pac. 761; 56 At. 482; 3 S. E. 487; 7 Cranch. 69; 73 Ala. 277. *No personal liability:* 7 L. R. A. N. S. 378; 50 Am. St. R. 330; 75 Am. St. R. 690; 67 S. E. 225; 52 L. R. A. 307; 48 Am. St. R. 919; 4 Thomp. on Corp. sec. 5140. *Was there acceptance:* 26 S. E. 820; 1 Bail. 623; 5 Pet. 637;

10 Pet. 494; 115 U. S. 524; 7 Cranch 67; 121 Ill. App. 480; 105 Am. St. R. 496 and note; 36 Am. St. R. 210, 504; 51 L. R. A. 759; 84 Am. St. R. 335. *Construction of paper:* 84 S. C. 153; 42 S. C. 345; 78 S. C. 7; 70 S. C. 580; 104 N. Y. 441; 64 S. E. 438; Rice 132; 1 How. 168; 7 Pet. 122; 10 Pet. 493; 16 Pet. 527; Stearn on Sur. sec. 17; 63 N. Y. 388; 42 So. 646; 48 Am. St. R. 496; 51 S. C. 124; 9 Wheat. 702; 15 Pet. 209; 135 Fed. 439; Brandt on Sur. & G. sec. 397; 120 U. S. 206; 103 U. S. 31; 63 N. Y. 388; 14 Ency. 1162; 69 S. C. 304; 10 S. C. 197; 23 S. C. 592; 41 S. C. 217; 37 S. C. 181; 3 Strob. Eq. 59; 92 U. S. 98; 10 S. C. 245; 21 How. 66; 3 Kent. Com. 124; Brandt on S. & G. sec. 93; 19 L. R. A. N. S. 904; 6 Mo. 230; 45 N. W. 472; 81 Fed. 995, 61; 186 U. S. 316. *The recitals constitute a part of the contract:* 1 Brandt on S. & G. secs. 242-3; Shaw on Sur. sec. 146; 1 How. 179; 16 Pet. 534; 88 U. S. 652; 9 Wheat 700; 57 Pac. 235.

*Messrs. Barron, Moore & Barron* and *R. B. Herbert,* contra, cite: *Evidence of what a party would have done is admissible:* 69 S. C. 531; 60 S. C. 202; 74 S. C. 132; 17 Cyc. 28; Wig. on Ev. secs. 16, 21. *Do the letters constitute a contract of guaranty?* 3 Kent Com. 121; 87 Fed. 430; 1 Strob. 40; 6 L. R. A. 639; 4 L. R. A. 381. *Is guaranty limited?* 20 Cyc. 1439; 9 Rich. 335; 6 S. C. 351. *Was notice of acceptance necessary?* 20 Cyc. 1407; 45 Ohio St. 388; 24 Wend. 82; 8 Gray 211; 86 N. Y. 484; 42 Am. St. R. 437; 105 Fed. 480; 9 Rich. 335; 13 S. C. 95; 1 Strob. 40; 2 S. C. 416; 115 U. S. 524; 29 Penn. 460.

November 4, 1910. The opinion of the Court was delivered by .

MR. CHIEF JUSTICE JONES. This was an action upon an alleged guaranty given by defendant for goods sold and delivered by plaintiff to the Carolina Plumbing Company,

and resulted in a judgment in favor of plaintiff for eight hundred and sixty-eight dollars and six cents.          ·

As the appeal involves the construction of two letters relied on as constituting the guaranty, we produce them in full as follows:

·1. Letter of plaintiff to defendant:

"New York, July 14, 1905.

W. A. Clark, Esq., Pres. of the Carolina National Bank, Columbia, S. C.

"Dear Sir: Through our Mr. Rouke we received orders from the Carolina Plumbing Co. for six 'compacto' closets · and three lavatories, and another order for a lavatory and a bath tub to be used for samples.

"As the 'compacto' closets and lavatories were wanted immediately, we made shipment of the same, and the enameled lavatory and the bath tub will be shipped as soon as ready.

"We are also holding an order, as per *froforma* invoice herewith, which was given our Mr. Rouke by the Columbia Plumbing & Cornice Co., who we understand have been succeeded by the Carolina Plumbing Co.    Kindly inform us whether these goods are now wanted, and whether you desire that we make shipment, and charge the same to the Carolina Plumbing Co.

"We have learned from our Mr. Rouke that you are the president of the Carolina Plumbing Co., and on the strength of this information we make shipment of the goods, as mentioned above.

."As the samples, which the Carolina Plumbing Company ordered from us will no doubt lead to further business with that firm, we would like to have a line from you, agreeing to see us paid for any goods that we might furnish to that company.    Kindly let us hear from you, and oblige, yours truly, The J. L. Mott Iron Works, N. A. Banty."

2. Letter of defendant to plaintiff in reply:

"W. A. Clark, Pres't and Treasurer. John A. Civil, Sec. H. B. Chapman, Manager. Carolina Plumbing Company.

"Plumbing, Steam and Gas Fitting, Tin, Slate and Gravel Roofing. Galvanized Iron Cornice and Window Caps a Specialty. Telephone 143. Columbia, S. C., July 18, 1904 (5).

"The J. L. Mott Iron Works, 84 Beekman Street, New York City.

"GENTLEMEN: Your favor of the 14th, in reference to certain matters of the Carolina Plumbing Company, has been duly received and noted. We have had the secretary of the company to write to you in respect to the order which was made by our predecessor, The Columbia Plumbing Company & Cornice Works. The job for which these articles were intended was interrupted and has been very much delayed. The builders have, however, recently resumed work, and we presume that within the next month or so we will be ready for our part of the contract.

"We will, therefore, need the order heretofore made by the Columbia Plumbing Company, and will in due time order the same out.

"In reference to the business of the Carolina Plumbing Company, I would say that this corporation is now on a well established basis, and will be pleased to continue business with you. Any order, therefore, which will be made for this company by Mr. John A. Civil, the secretary, will be authorized, and you may fill the same. I will see that you are protected in any dealings that you may have with this corporation. Yours very truly, (Signed) W. A. Clark, Presd't."

Exceptions to the refusal of nonsuit and to the charge to the jury present these questions:

1. Do the paper writings constitute a contract of guaranty on the part of defendant?

2. Does the guaranty cover all sales made to the Carolina Plumbing Company, or is it limited to such sales as were made on the order of Mr. Civil, the secretary?

3. Was notice of acceptance necessary in this case?

The definition of guaranty approved in *Carroll Savings Bank* v. *Strother,* 22 S. C., 555 and *Ruberg* v. *Brown,* 71 S. C., 293, 51 S. E. 96 is

"A promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who is himself in the first instance, liable to such payment or performance." The debt or duty may be either present or prospective. The letters clearly show the plaintiffs intended to secure and defendant intended to make a contract of guaranty.

The evidence was plenary that between September 27, 1905, and April 14, 1906 plaintiff sold and delivered to the Carolina Plumbing Company goods to the amount claimed, that judgment was obtained therefor against the debtor, and that the debtor has failed to pay.

Because of the addition of the word "president" after the signature of defendant contention is made that the writing does not create individual liability.

Defendant either intended to become personally liable or to make the Carolina Plumbing Company liable. It would be unreasonable to construe the contract as intended to make the debtor company become guarantor of its own debt. The stipulation is: "I will see that you are protected in any dealings that you may have with this corporation," meaning the Carolina Plumbing Co. of which he was president. This was in response to a letter addressed to him and requesting an agreement for personal liability for goods that may be furnished that corporation. The natural import of the language used evinces an intention to assume personal liability as guarantor, and there is nothing to show an intention to make the corporation its own guarantor. The general rule is that the adding of the word agent, president or the

like to one's signature, does not relieve the signer of personal liability, that such an addition alone is mere description of the person, and that in order to relieve the signer personally it must appear from the whole instrument or competent testimony, where parol testimony is admissible, that it was intended to be the contract of the principal. *Robertson* v. *Pope,* 1 Rich. Law 501, 44 Am. Dec. 267; *Tarver* v. *Garlington,* 27 S. C., 107, 2 S. E. 846, 13 Am. St. Rep. 628; 1 Ency. Law 2ed p. 1035, 1043, Note to *Greenberg* v. *Whitcomb Lumber Co.,* 48 Am. St. Rep. 917. In the cases cited for appellant the instruments purported to be signed in the name of the corporation or principal and the general rule stated is recognized. The case of *Second National Bank* v. *Midland Street Company,* 52 L. R. A. 307, also cited for appellant, recognizes the general rule and merely holds that a note signed by an individual name followed by the word "president" and upon which the name of a corporation appears above the line on which are written the place and date of execution, but no where else, is not conclusively presumed to be the personal obligation of the signer, but it may be shown by parol evidence to be the contract of the corporation. How far parol evidence is admissible in cases of this kind is not now involved, as no such parol testimony was offered to show that the contract was intended and accepted as the contract of the corporation.

With respect to the second question above stated, whether the guaranty is limited to goods furnished on the order of the secretary, we agree with the Circuit Court that it is not so limited. The guaranty is absolute and unlimited. "I will see that you are protected in any dealings that you may have with this corporation." This is the only sentence responsive to the plaintiff's request for personal guaranty. The preceding sentence: "Any order, therefore, which will be made for this company by Mr. John A. Civil, the secretary, will be authorized and you may fill the same," cannot

be construed as a declaration that in no other way could plaintiff have any dealings with the corporation, within the meaning of the guaranty sentence following.  The filling of any order authorized and accepted by the corporation would fall within the terms of the guaranty.

Was notice of acceptance of the guaranty necessary?  We do not think so, in view of the facts of this case.  The general rule undoubtedly requires notice of acceptance within a reasonable time so as to give the guarantor opportunity to protect himself against the risk.  *Lawton* v. *Maner,* 9 Rich. 335.

This is always true when the proposition to make guaranty comes from the guarantor, because of the elementary rule governing contracts that the minds of the parties must meet, and until the guarantee gives notice of assent there is no complete contract.  When, however, the guarantee requests the guarantor to make guaranty and the guarantor complies. the minds of the parties have met and there is no reason for further notice.  In 20 Cyc. 1407 the doctrine is thus stated:

"Both the English and American cases hold generally that the rule requiring notice by the guarantee of his acceptance of the guaranty applies only where the guaranty is in legal affect an offer or proposal.  Where the transaction is not merely an offer to guarantee the payment of debts and amounts to a direct promise of guaranty, all that is necessary to make the promise binding is that the promisee should act upon it; he need not notify the promisor of his acceptance."

*Davis* v. *Wells,* 104 U. S. 159; *Davis S. M. Co.* v. *Richards,* 115 U. S. 524.  The case of *Lawton* v. *Maner,* 9 Rich. 338 shows such to be the leaning of our Court.

There is an exception that the Court charged the jury in respect to matters of fact, but an examination of the charge fails to disclose any basis for the exception.

The Court allowed the witness, Rouke, who took the order for the goods furnished, to be asked this question: "Would you have instructed your company that they credit Carolina Plumbing Co.," to which the witness answered, "No."

Exception is taken that this was hypothesis and irrelevant. The testimony may have been somewhat relevant to the question whether plaintiffs acted in reliance on the guaranty of the credit of the debtor, but conceding its irrelevancy it does not appear that appellant was so prejudiced as to warrant a new trial. A clear case of prejudicial error in the admission or exclusion of evidence must appear before this Court will grant a new trial upon that ground.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.