11429

GREENE v. SIMON BROWN'S SONS

(121 S. E., 597)

1. GUARANTY—NOTICE TO GUARANTOR OF ACCEPTANCE OF OFFER HELD ESSENTIAL.—A proposal by owner of a plantation that he would take up tenant's mortgage to supply merchants in the fall if they would not take tenant's stock and farm inplements away from him, *held* an offer which required notice of acceptance in order to ripen into a contract of guaranty.

2. GUARANTY—WHETHER GUARANTOR HAD NOTICE OF ACCEPTANCE OF OFFER HELD FOR JURY.—Evidence that acceptance of the offer of owner of a plantation to pay tenant's mortgage to supply merchants in the fall, if they would not take tenant's stock and farm implements away from him, was communicated to tenant and was acted upon, *held* to authorize submission to the jury of the issue of notice of the acceptance.

3. GUARANTY—NOTICE OF ACCEPTANCE MAY BE IMPLIED FROM CIRCUMSTANCES.—Where notice of acceptance of a guaranty is required, it is not necessary that guarantor be given direct, actual, and personal notice by guarantee or his agent, but such notice may be implied from the circumstances of the particular transaction.

Before MEMMINGER, J., Barnwell, Spring Term, 1923. Reversed and remanded.

Action by A. F. Greene against Herman Brown and Isadore Brown, partners as Simon Brown's Sons. From a directed verdict for plaintiff, the defendants appeal.

*Messrs. Brown & Bush,* for appellants, cite: *Notice of acceptance of guaranty not necessary:* 69 S. E., 227; 12 R. C. L., 1071; 2 S. C., 417.

---

Note: On question of necessity of notice of acceptance to bind guarantor, see notes in 16 L. R. A. (N. S.), 353; 33 L. R. A. (N. S.), 960, and 48 L. R. A. (N. S.), 198.

*Mr. G. M. Greene,* for respondent, cites: *Notice of acceptance of guaranty necessary:* 13 S. C., 94.

February 28, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In action of claim and delivery the plaintiff, Greene, claimed the property in question by virtue of a chattel mortgage and rent lien given by one General Ray. The defendants alleged that possession of the property had been acquired by them under a chattel mortgage given by Ray to secure an indebtedness to them, the payment of which indebtedness had been guaranteed in writing by the plaintiff, Greene. Upon the basis of said written guaranty, the defendants set up a counterclaim against plaintiff for an amount considerably in excess of the alleged value of the property involved. The appeal raises the one question of whether the Circuit Judge committed error in directing a verdict for the plaintiff.

The essential evidentiary facts upon which that question turns are these: The plaintiff, Greene, a resident of Augusta, Ga., owned a plantation near Williston in Barnwell County. General Ray was a negro tenant on his Williston farm. The defendants, Brown's Sons, were supply merchants at Blackville. In the early part of 1920 Ray was indebted to the defendants in the sum of $1,943, secured by a mortgage of "three head of stock," a wagon, etc. Ray sought to obtain advances from defendants for 1920, but was told by them that they would not run him, "unless he would get Mr. Greene to take up his indebtedness." After two or three conferences between Ray and defendants, defendants finally told Ray they "would take $1,650 for the debt." Ray then went to see his landlord, Greene, to whom he had agreed to pay as rental for the year 1920 eight bales of cotton. He told Mr. Greene that the defendants were pressing him and

talking of taking his stock.   Thereupon Greene wrote the following letter, and "gave it to Ray to carry to" the defendants:

"March 3, 1920.

"Simon Brown's Sons,
  "Blackville, S. C.
"Dear Sirs:

"General Ray informs me that he is due you about $1,650 secured by bill of sale of two mules, one horse and one wagon and one buggy.  As Ray rents from me I am writing you to say that if you will let Ray continue with his stock and chattels to make his crop I will take up his papers in full this fall for him, unless and if we should have an extremely bad year worse than we can think of now on account of the boll weevil.   I will agree to pay 50 per cent. of his indebtedness anyway.

"Yours truly,

"A. F. GREENE."

Ray brought this letter to the defendants, who, "in consequence of getting" it, agreed to carry Ray over until fall; took another paper, dated March 6, and recorded March 8, 1920, in which was included the old indebtedness and an additional $1,000 to be advanced secured by mortgage of crop and stock, etc.; and thereupon shipped Ray fertilizer to Williston, and advanced him supplies, etc.   No formal or express notice of the acceptance of the offer contained in plaintiff's letter was communicated to the plaintiff.

The direction of a verdict for the plaintiff was predicated upon the view (1) that the plaintiff, Greene, was not bound by the offer set out in his letter in the absence of notice to him of its acceptance by the defendants, and (2) that there was no evidence of such notice of acceptance.

In the conclusion of the learned Circuit Judge that the plaintiff's proposal in writing to pay the debt of Ray was

an offer or promise which required notice of its acceptance
in order to ripen into a completed agreement we concur.
The letter may not properly be construed as an uncondi-
tional proposal to guarantee the payment of Ray's existing
indebtedness to the defendant in a certain amount.  Hence
the rule that no notice of acceptance is required, where the
proposal is to guarantee the payment of an existing debt
of another in a definite amount known to the guarantor
at the time, is inapplicable.  Nor does the case fall within
the exception to the general rule that notice of acceptance
is not required, where the proposal or promise of the
guarantor is in response to and made in compliance with
the request from the guarantee.  See *Mott Iron Works
v. Clark,* 87 S. C., 199; 69 S. E., 227.  The plaintiff's
offer to defendants to pay 50 per cent. of Ray's indebted-
ness of $1,650, "anyway," was, we think, clearly subject
to the condition that the defendants would "let Ray con-
tinue with his stock and chattels to make his crop."  It
was not in compliance with defendants' proposal or re-
quest in the premises, which was that the plaintiff, Greene,
would "take up" Ray's indebtedness, but was in the nature
of a counter proposition.  Clearly, therefore, notice of ac-
ceptance of the plaintiff's proposal was necessary in order
to effect a meeting of the minds of the parties and to com-
plete the contract of guaranty.  *Duncan & Shumate v. Hel-
ler,* 13 S. C., 94; 12 R. C. L., 1067, 1068, Pars. 17, 18;
note collating decisions 16 L. R. A. (N. S.), at page 367.

But we find ourselves unable to concur in the second
2, 3   conclusion of the trial Judge that the evidence was
not reasonably susceptible of the inference of fact
that the plaintiff had due and sufficient notice of the ac-
ceptance of his offer.  In those cases in which notice of
the acceptance of a guaranty is required it is not necessary
that the guarantor be given direct, actual, and personal
notice by the guarantee or his agent but such notice may
be implied from the circumstances of the particular trans-

action.   Note 5, 16 L. R. A. (N. S.), 377; 12 R. C. L..
1071, Par. 21.   In the case of *Griffin v. Rembert,* 2 S. C.,
410, referring to notice of the acceptance of a guaranty,
this Court said:

"The notice of assent need not be express.   It may be
implied from the circumstances of the particular transac-
tion. * * * No precise rule can be laid down as to the
time when notice should be given of the acceptance of a
guaranty which is to be prospective in its operation, or in
what manner it should be given.   Even without direct in-
formation from the person to whom the guaranty is ad-
dressed, circumstances might show that the guarantor was
fully advised of its acceptance; and, in such a case, the end
to be obtained by express notice would be fulfilled."

In the case of *Lawton v. Maner,* 9 Rich., at page 339,
where a nonsuit was ordered on circuit upon the ground
that the guarantor had not received notice of the acceptance
of his guaranty, the Court said:

"Looking to the whole transaction, as well the circum-
stances already enumerated, as those additional to be found
in the relation in which Baker and Maner stood to each
other, their residence in the same neighborhood, the letter
of the executors, though not amounting to a waiver of
proof, yet clearly disclosing the fact that they, too, had at
least some knowledge of the transaction, and felt no sur-
prise that the estate, with which they were intrusted, was
looked to, such a train of circumstances might well presup-
pose privity and knowledge on the part of the guarantor
that credit had been obtained on the faith of his guaranty.
These are matters very proper for the consideration of a
jury, and, in the opinion of this Court, might well have
justified a finding of that fact favorable to the plaintiffs."

In the case at bar notice of the acceptance of plaintiff's
offer was promptly communicated to plaintiff's tenant, Ray;
the acceptance of the offer made under date of March 3
was acted upon on March 6 by the taking out of a new

paper, whereby the defendants, in effect, bound themselves to "let Ray continue with his stock and chattels to make his crop" in compliance with plaintiff's stipulation; the new paper was spread upon the public records on March 8; the plaintiff's contract with Ray for the payment of eight bales of cotton as rental for his place was vitally dependent for its fulfillment upon Ray's ability to hold his stock and make a crop; the time of the year admitted of no substantial delay on the plaintiff's part in ascertaining whether his tenant would be able to carry on; the defendants followed up their acceptance by furnishing Ray with fertilizer and supplies for farming operations on plaintiff's land. The facts, we think, were amply sufficient to put the plaintiff upon inquiry and to support an inference that he acquired knowledge of the acceptance of his offer of guaranty within a reasonable time after it was made.

While the facts of the case of *Duncan & Shumate v. Heller, supra,* relied upon by the Circuit Judge to support a contrary conclusion, bear a somewhat close analogy to the facts of the case at bar up to a certain point, the relation of the parties here, the nature of the debt guaranteed, and the scope and character of the transactions out of which the proposal of guaranty arose, as indicated by the facts above outlined, are materially different from those involved in *Duncan, etc., v. Heller.* In that case the contention that notice of acceptance need not be express or specific does not seem to have been made; but, if the point had been raised, we think the facts were not so essentially similar or analogous as to require that this case should be ruled by that decision.

We are of the opinion that the evidence made an issue of fact as to notice of acceptance which should have been submitted to the jury. The judgment of the Circuit Court is accordingly reversed, and a new trial granted.

MESSRS. JUSTICES WATTS, FRASER, and COTHRAN concur.