## HUDEPOHL BREWING CO. v. BANNISTER.

### C. A. 315.

District Court, W. D. South Carolina.

May 20, 1942.

Blythe & Bonham, of Greenville, S. C., and Watkins & Prince, of Anderson, S. C., for plaintiff.

Oscar H. Doyle and T. S. Banister, both of Anderson, S. C., for defendant.

WYCHE, District Judge.

The matter before me in this controversy is the motion of the defendant to dismiss the action upon the ground that the complaint does not state a claim upon which relief can be granted. Rule 12(b), Civil Rules of Procedure, 28 U.S.C.A. following section 723c.

The allegations of the complaint pertinent to this motion, are, as follows:

"2. That * * * C. F. Gibson, T. A. Moore, Jr., and W. R. Bannister, the latter being the son of the defendant, * * * caused to be organized * * * a corporation known as Colonial Distributing Co., Inc., * * *

"3. That during the month of August, 1939, the Colonial Distributing Co., Inc., solicited the plaintiff that the plaintiff sell to it the products of the plaintiff to be sold and distributed by the said Colonial Distributing Co., Inc.; that on inquiry made by the plaintiff, the defendant, Dr. W. H. Bannister, advised and informed the plaintiff that he was backing the said Colonial Distributing Co., Inc.

"4. That during the latter part of November, 1939, a considerable balance was due by Colonial Distributing Co., Inc., to the plaintiff herein for merchandise sold and delivered by the plaintiff to the said Colonial Distributing Co., Inc., and the plaintiff advised the said Colonial Distributing Co., Inc., that it would extend no more credit unless Colonial Distributing Co., Inc., obtained and furnished to the plaintiff a guaranty in writing signed by the defendant, Dr. W. H. Bannister, that he would guarantee the payment to the plaintiff of any indebtedness that might be due the plaintiff by the said Colonial Distributing Co., Inc., on account of merchandise sold and delivered by the plaintiff to the said Colonial Distributing Co., Inc.

"5. That in compliance with the aforesaid request made by the plaintiff, on or about the 27th day of November, 1939, the defendant executed and delivered to the plaintiff an instrument in writing in the following words:

" 'Colonial Distributing Company
(Incorporated)
" 'Belton, South Carolina
" 'November 27, 1939.
" 'Mr. F. R. Gossman, Sou. Dist. Mgr.
Hudepohl Brewing Company
2613 Landor Avenue,
Louisville, Kentucky.
" 'Dear Mr. Gossman:
" 'In answer to your request to Mr. Gibson, Mr. W. R. Bannister, and Mr. Moore that they give you a letter stating just who their backers were and if for any rea-

son these young men should find it necessary to order merchandise from you on an open account basis for a few days, would you be secure in doing so.

" 'Let me say that it was through my backing that the young men are in business and well on the way to success, and in the course of the expansion that is now under way, if for any reason the young men should order goods from you for any of the places, be assured that it is with my approval and whole hearted cooperation.

" 'With kind regards.

" 'Very truly yours
" '(Signed) W. H. Bannister
" 'Dr. W. H. Bannister.'

"6. That in reliance upon such instrument or letter, and in consideration thereof, the plaintiff extended to Colonial Distributing Co., Inc., additional credit and in reliance thereon and without obtaining any further security therefor, sold and delivered to Colonial Distributing Co., Inc., merchandise of the value of Eighteen Thousand Eight Hundred Nine and 41/100 ($18,809.41) Dollars."

The defendant contends, (1) that the letter relied upon by the plaintiff as a guaranty is not a guaranty, but is merely a letter of recommendation, and states only defendant's opinion as of that time of the condition of the Colonial Distributing Co., Inc.; (2) that at the very most said letter is a mere offer to guarantee future advances to the Colonial Distributing Company, Inc., and required a notice of acceptance to the defendant before making him liable, and the complaint fails to allege that such notice was given.

The decision of the question must be governed by the law of South Carolina, whose Supreme Court has decided: (1) The approved definition of a guaranty is a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who is himself in the first instance, liable to such payment or performance. The debt or duty may be either present or prospective. Carroll County Savings Bank v. Strother, 22 S.C. 552, 555; Ruberg v. Brown, 71 S.C. 287, 293, 51 S.E. 96; J. L. Mott Iron Works v. Clark, 87 S.C. 199, 69 S.E. 227. (2) The language employed is to have a reasonable interpretation, according to the intention of the parties as disclosed by the instrument, read in the light of the surrounding circumstances and the purpose for which it was made. It is to be construed according to what is fairly to be presumed to have been the understanding of the parties without any strict technical nicety. By a reasonable interpretation is not meant that the words should be forced out of their natural meaning, but simply that the words should receive a fair and reasonable interpretation so as to attain the objects for which the instrument is designed and the purposes to which it is applied. McGee et al. v. F. W. Poe Mfg. Co., 176 S.C. 288, 180 S. E. 48, 99 A.L.R. 1468; Lee v. Dick, 10 Pet. 482, 493, 9 L.Ed. 503; Bell v. Bruen, 1 How. 169, 11 L.Ed. 89. (3) A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in a guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract. The rule requires notice of acceptance within a reasonable time so as to give the guarantor opportunity to protect himself against the risk. J. L. Mott Iron Works v. Clark, 87 S.C. 199, 69 S.E. 227; Lawton v. Maner, 9 Rich. 335; Davis v. Wells, 104 U.S. 159, 26 L.Ed. 686; Davis S. M. Co. v. Richards, 115 U.S. 524, 6 S.Ct. 173, 29 L.Ed. 480; Duncan & Shumate v. Heller, 13 S. C. 94. (4) Notice of acceptance by the creditor to the debtor, who delivers the letter of guaranty, is not notice to the guarantor, there being no proof of agency. Duncan & Shumate v. Heller, 13 S.C. 94. (5) However, where notice of acceptance of a guaranty is required, it is not necessary that guarantor be given direct, actual, and personal notice by guarantee or his agent, but such notice may be implied from the circumstances of the particular transaction. Greene v. Simon Brown's Sons, 128 S.C. 91, 121 S.E. 597. (6) Where there is ambiguity or obscurity in a contract

which the other parts of the instrument do not explain, it will be construed against the party drawing the contract. Charles v. West, 155 S.C. 488, 152 S.E. 644; Felix Benitez Rexach v. Arundel Corporation (Unpublished Opinion, District Court, Puerto Rico, June 10, 1941).

An inspection of the complaint will disclose that one of the officers of the Distributing Company is a son of the defendant; that the defendant advised the plaintiff in August, 1939, that he was backing the Distributing Company; plaintiff advised the Distributing Company that it would extend no more credit unless it obtained and furnished to the plaintiff a guaranty in writing signed by the defendant that he would guarantee the payment to the plaintiff of any indebtedness that might be due by the Distributing Company for goods sold and delivered by the plaintiff to the Distributing Company, that in compliance with the aforesaid request the letter set forth in the complaint, was delivered to the plaintiff, and the plaintiff relied upon such letter as being a letter of guaranty and extended credit to the Distributing Company in reliance thereon.

Plaintiff contends that the language employed, given a reasonable interpretation according to the intention of the parties, as disclosed by the letter from defendant to plaintiff, read in the light of the foregoing circumstances, constitutes a guaranty as defined by the South Carolina Supreme Court.

The letter shows upon its face that it was in response to a request made by the plaintiff to Gibson, Bannister and Moore, (1) that they give plaintiff a letter stating just who their backers were. In reply to this request, the defendant wrote, "Let me say that it was through my backing that the young men are in business and well on the way to success,"; (2) that they give plaintiff a letter stating "if for any reason these young men should find it necessary to order merchandise from you on an open account basis for a few days, would you be secure in doing so" (evidently meaning, would you be secure in filling such orders). Concerning this request the defendant, wrote, "and in the course of the expansion that is now under way, if for any reason the young men should order goods from you for any of the places, be assured that it is with my approval and whole hearted cooperation." 

The letter on its face is not a response to a request for the defendant to guarantee purchases made by the Distributing Company as alleged in paragraph four of the complaint. According to the letter the defendant understood that he was to write a letter to the plaintiff stating "just who their backers were", and stating whether or not the plaintiff would be secure in filling orders from the Distributing Company on open account. In complying with the first request the defendant stated that it was through his backing that the young men were in business, and on the way to success. As to the second inquiry, he did not state whether or not the plaintiff would be secure in filling the orders on open account; he did not express his approval and whole-hearted cooperation in filling the orders on open account, but merely expressed his approval and whole-hearted cooperation "if for any reason the young men should order goods from" the plaintiff, "for any of the places". Plaintiff asked for a guaranty, but it received a letter of commendation and recommendation, of approval and wholehearted cooperation, if the goods were ordered from the plaintiff for any of the places. There is no language in the letter itself which can be construed as a promise to answer for the payment of the debt of the Distributing Company in case of its failure to pay; the words used do not evidence an intention to become liable if the principal failed to pay; nor, in my opinion, can the language employed, when given a reasonable interpretation, according to the intention of the parties, as disclosed by the letter from defendant to plaintiff, read in the light of the alleged surrounding circumstances, and the alleged purpose for which it was made, constitute a guaranty. To say that it does, would be to force the words used in the letter out of their natural and usual meaning. It cannot be said that because plaintiff required the Distributing Company to obtain for it a guaranty from the defendant, that any reply that it received from defendant in consequence of such request, would be a guaranty. Wilson & Co. v. Dean, 21 S.C. 327, 332.

Having reached the foregoing conclusions, it is not necessary to decide the second question made by the motion.

For the foregoing reasons, the motion to dismiss will be granted.