## HUDEPOHL BREWING CO. v. BANNISTER.

No. 360.

District Court, W. D. South Carolina.

June 30, 1943.

Watkins & Prince, of Anderson, S. C., and Blythe & Bonham, of Greenville, S. C., for plaintiff.

Oscar H. Doyle and T. S. Banister, both of Anderson, S. C., for defendant.

WYCHE, District Judge.

This matter is before me a second time on defendant's motion to dismiss.

On February 16, 1942, plaintiff filed an action[1] against the defendant, and sought to recover on the same cause of action set forth in the complaint now under consideration. The first complaint was dismissed on the ground that it did not state a claim upon which relief could be granted, (D.C., 45 F.Supp. 201) because the letter written by the defendant, considered in the light of the circumstances surrounding its writing, did not constitute a guaranty. No appeal was taken from the order to dismiss, but a second suit was instituted August 19, 1942, upon the same allegations in the first complaint, except there has been added to paragraph five the following: "That during the latter part of January or first of February, 1940, after the above stated letter had been delivered to plaintiff and goods sold in reliance thereon to Colonial Distributing Company, a representative of the plaintiff again visited the defendant, because Colonial Distributing Company had failed to make prompt payment for said goods, and said representative of the plaintiff made demand upon the defendant that he have the account reduced either by payment by Colonial Distributing Company or by the defendant. Whereupon, the defendant stated to plaintiff an instrument in writing in the following words:

" 'Colonial Distributing Company
(Incorporated)
Belton, South Carolina
November 27, 1939.

" 'Mr. F. R. Gossman, Sou. Dist. Mgr.
Hudepohl Brewing Company
2613 Landor Avenue
Louisville, Kentucky.

" 'Dear Mr. Gossman:

" 'In answer to your request to Mr. Gibson, Mr. W. R. Bannister, and Mr. Moore that they give you a letter stating just who their backers were and if for any reason these young men should find it necessary to order merchandise from you on an open account basis for a few days, would you be secure in doing so.

" 'Let me say that it was through my backing that the young men are in business and well on the way to success, and in the course of the expansion that is now under way, if for any reason the young men should order goods from you for any of the places, be assured that it is with my approval and whole hearted cooperation.

" 'With kind regards.
Very truly yours
(Signed) W. H. Bannister
Dr. W. H. Bannister.'

"6. That in reliance upon such instrument or letter, and in consideration thereof, the plaintiff extended to Colonial Distributing Co., Inc., additional credit and in reliance thereon and without obtaining any further security therefor, sold and delivered to Colonial Distributing Co., Inc., merchandise of the value of Eighteen Thousand Eight Hundred Nine and 41/100 ($18,809.41) Dollars."

[1] The pertinent allegations of the complaint in the first action were as follows:

"2. That * * * C. F. Gibson, T. A. Moore, Jr., and W. R. Bannister, the latter being the son of the defendant, * * * caused to be organized * * * a corporation known as Colonial Distributing Co., Inc., * * *

"3. That during the month of August, 1939, the Colonial Distributing Co., Inc., solicited the plaintiff that the plaintiff sell to it the products of the plaintiff to be sold and distributed by the said Colonial Distributing Co., Inc.; that on inquiry made by the plaintiff, the defendant, Dr. W. H. Bannister, advised and informed the plaintiff that he was backing the said Colonial Distributing Co., Inc.

"4. That during the latter part of November, 1939, a considerable balance was due by Colonial Distributing Co., Inc., to the plaintiff herein for merchandise sold and delivered by the plaintiff to the said Colonial Distributing Co., Inc., and the plaintiff advised the said Colonial Distributing Co., Inc., that it would extend no more credit unless Colonial Distributing Co., Inc., obtained and furnished to the plaintiff a guaranty in writing signed by the defendant, Dr. W. H. Bannister, that he would guarantee the payment to the plaintiff of any indebtedness that might be due the plaintiff by the said Colonial Distributing Co., Inc., on account of merchandise sold and delivered by the plaintiff to the said Colonial Distributing Co., Inc.

"5. That in compliance with the aforesaid request made by the plaintiff, on or about the 27th day of November, 1939, the defendant executed and delivered to

tiff's representative that the plaintiff need have no apprehension or fear about collecting the account, for he, the defendant, had written a letter to the plaintiff, in which he had guaranteed the account of the Colonial Distributing Company. The letter to which the defendant referred is that above quoted."

Plaintiff contends that the portion added to paragraph five of the complaint is sufficient to save it from the motion to dismiss, because it shows the construction defendant himself put upon the letter, and that such construction by him, approximately two months after the execution and delivery of the letter, relied upon as a guaranty; must be considered as a part of the circumstances surrounding its writing.

 It is true that the language employed in an alleged guaranty is to have a reasonable interpretation according to the intention of the parties as disclosed by the instrument *read in the light of the surrounding circumstances,* and the purpose for which it was made. 45 F.Supp. 201. But, *read in the light of the surrounding circumstances,* means read in the light of the surrounding circumstances at the time the instrument was executed and delivered. The character of the writing was fixed at the time it was executed and delivered. It was then a guaranty or it was not, and nothing the defendant may have said about it two months afterwards could change its nature. The facts of this case do not come within the scope of decisions which hold that the construction which parties themselves have put upon their contracts may be looked to in order to ascertain the true meaning of an ambiguous instrument. In all of these cases the existence of a contract is admitted, but parties have differed as to its proper construction. It is reasonable, therefore, that what the parties have done in execution of a contract is relevant to the issue of what they intended to do when the contract was made. Cases in South Carolina which affirm this doctrine are: Pennell & Harley, Inc., v. Hearon et al., 169 S.C. 16, 168 S.E. 188; Williamson v. Eastern B. & L. Association, 54 S.C. 582, 32 S.E. 765, 71 Am.St.Rep. 822; Herndon v. Wardlaw, 100 S.C. 1, 84 S.E. 112. But, what is now sought to be done in this case is not to construe a contract, but to make one partly written and partly verbal. I know of no case which supports this view, and counsel for plaintiff have cited none. The letter relied upon

was not a guaranty when it was given, and a subsequent verbal reference to it two months after its execution or delivery as such would not be effectual to make it one. Neither was the letter an offer to guarantee the account of Colonial Distributing Company, Inc. Having so concluded, it is again unnecessary to decide the second question made by the motion.

For the reasons stated, the motion to dismiss is granted.