RUBERG v. BROWN.

1. GUARANTY—MORTGAGE—ACTION.—A guaranty of an obligation of another secured by assignment of a mortgage is properly construed as one contract; and one suit may be maintained on the guaranty and to foreclose the assigned mortgage.

2. IBID.—IBID.—ATTORNEY'S FEES.—An agreement "to guarantee the payment of any balance due" on the contract of another at a certain time, based on dissolution of an attachment, is an absolute and not a conditional guaranty, and there need be no notice of acceptance of guaranty, or of default of principal, or proceedings to enforce contract against principal, before action against guarantor; but here there was notice of default and demand on guarantor, and when such guaranty is secured by an assigned mortgage in the suit against the guarantor, the mortgage may be foreclosed, and attorney's fees provided for in the mortgage included in the judgment, and the amount guaranteed paid out of the proceeds of sale. The fact that the guaranty was made to one for benefit of another to whom the debt secured was due, does not affect right of guarantee to sue.

3. IBID.—IBID.—The satisfaction of a mortgage before guaranty is due, upon consideration of conveyance of land by mortgagor to wife of mortgagee, does not release the lien of the mortgage previously assigned as collateral to a guaranty.

4. IBID.—IBID.—INTEREST.—Guarantee is not entitled to interest as a bonus as provided in guaranty and assignment of mortgage as collateral thereto from date of assignment to foreclosure, when whole amount secured by guaranty and interest is collected.

Before DANTZLER, J., Bamberg, July, 1904.    Affirmed.

Action by Theodore Ruberg against Simon Brown and Pena Brown. From Circuit decree defendants appeal. The

following indorsement appears on the back of the agreement between the Brown Mercantile and Banking Co. and Mrs. Elizabeth Ruberg:

"For value received I hereby assign the within agreement and the money secured thereby and all my right, title and interest in the same to Theodore Ruberg.

"Witness my hand and seal this 3 day of July, 1902.

"Elizabeth H. Ruberg.    (L. S.)"

The following is the indorsement on the bond secured by the Zorn mortgage:

"For and in consideration of a certain written agreement this day entered into by and between myself and Theodore, Elizabeth and Lillian Ruberg, I hereby transfer, set over and assign all my right, title and interest in and to the within mortgage and bond secured thereby in order to secure the payment of two certain notes as set forth in said agreement, said assignment being solely for the purpose of securing the same, and with the distinct understanding that the said bond and mortgage shall not be assigned or hypothecated, except as accompanied by said notes, and when said notes are paid the said bond and mortgage shall be returned to me, and all interest therein of Theodore Ruberg, Elizabeth Ruberg and Lillian Ruberg, shall cease and determine.

"Theo. Ruberg, Mrs. Elizabeth Ruberg, Lilly Ruberg, S. Brown, S. Brown."

"Witnesses: Herman Brown, A. Kirsch, Mrs. Elizabeth Ruberg."

*Messrs. Izlar Bros.,* for appellants, cite: *The guaranty was conditional:* 111 Ind., 308; 68 S. C., 1; 20 L. R. A., 251; 25 S. C., 476; 52 L. R. A., 782; 171 Mass., 370; 54 N. Y., 581. *Guaranty must be based on new consideration:* 14 Ency., 1135; 9 Ency., 1 ed., 68, 78, 79, 80; De Colyar on Guar., 1, 2, and notes 23; 52 Pa. St., 525; *Rouse* v. *King,* 69 S. C.; 1 Sandf., ch. 258; 2 H. & G., 100; 40 Pa. St., 37; 29 Minn., 187; Tell on Guar., 530; 2 Ency., 2 ed., 1085, and

note; 14 Ency., 2 ed., 1128, *et seq.*, 1143; 115 U. S., 524; 104 U. S., 159; 27 Vt., 539; 9 Rich., 335; 15 Gray, 271.

*Messrs. Bates & Simms* and *Jno. R. Bellinger,* contra, cite: *There should be a consideration, unless guaranty is under seal:* 14 Ency., 2 ed., 1133. *Release of security is sufficient consideration:* 14 Ency., 2 ed., 1141. *Notice of default of principal is not necessary:* 14 Ency., 2 ed., 1149, 1150; Stearn on Sur., 5, 6, 73. *Suit against principle is not necessary:* 14 Ency., 2 ed., 1153; 25 S. C., 476; Colebrooke, Col., sec. 261; 14 N. W., 395; 28 S. C., 516; 52 L. R. A., 782.

April 3, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff seeks a recovery of a judgment for $776.57, with interest on $100 from the 24th of March, 1891, and on the balance from December 1, 1898, and costs; and against both defendants that they may be foreclosed of all interests in the Zorn premises; that said premises may be sold and the proceeds of sale applied to the payment of the expenses of said sale, the costs of this action and the plaintiff's debt, together with interest on $1,800, the mortgage debt of J. B. Zorn, at eight per cent. per annum, payable annually, as provided by the agreement of the 28th day of April, 1898, and such other relief, etc.

To understand this contention of plaintiff the following statement is necessary: On the 22d of March, 1898, one Simon Brown, of Bamberg County, in this State, made and delivered his two promissory notes, each for $1,250, endorsed by H. Brown and others, one due and payable on December 1, 1898, and the other due and payable on March 22, 1899, unto Theodore Ruberg. Theodore Ruberg indorsed both notes payable to his wife, Mrs. Elizabeth Ruberg. Two days after the date of said notes, the Brown Mercantile Co. discounted the note for $1,250 under the following agreement: "The Brown Mercantile and Banking

19—71.

Co. agrees to discount for Mrs. Elizabeth Ruberg a note she
holds on Simon Brown, indorsed by H. Brown, I. Brown
and P. Brown, for $1,250, charging her $100 discount, the
net amount of $1,150 to be placed to her credit on the books
of the Brown Mercantile and Banking Co., $300 of said
amount to be paid in cash, balance to remain to her credit
and be traded out as she sees fit, at cash prices, any amount
remaining to her credit at maturity of note discounted,
which is December 1st, 1898, we agree to pay her in cash."
The sum of $200 in cash and the further sum of $173.43 in
goods, wares and merchandise, were paid to Mrs. Elizabeth
Ruberg by the Brown Mercantile and Banking Co., leaving
still due the balance of $776.57 on the first of December,
1898.

Application to the Brown Mercantile and Banking Co.
about the 1st day of December, 1898, was made by Mrs.
Elizabeth Ruberg, and the reply of Mr. Mike Brown, who
was president of the Brown Mercantile and Banking Co.,
was to the effect that his company was not in funds to pay
said balance.    Then application was made upon Mr. Simon
Brown for the balance still due, to wit: the sum of $776.57,
on the first of December, 1898, which he did not pay.    But
it is unnecessary to state that on the 28th day of April, 1898,
Simon Brown was induced to change his attitude towards
the balance due on the note discounted by Mrs. Elizabeth
Ruberg at the Brown Mercantile and Banking Company.
It has been previously stated that Simon Brown made and
delivered a note for $1,250, dated March 22, 1898, and to
become due March 22, 1899.    An attachment was levied
upon certain property of Simon Brown in the city of Chi-
cago, in the State of Illinois, by a member of the Ruberg
family, in the month of April, 1898, because of this $1,250
note.    Then it was that Mr. Simon Brown wished a release
of his Chicago property from the attachment.    He was told
by the Rubergs, make us safe on this note and also the
balance due by the Brown Mercantile and Banking Co., all
must be in writing.    So accordingly, this agreement was

signed: "It is hereby agreed and understood by and between the parties hereto, to wit: Pena Brown, Simon Brown, Mike Brown and F. S. Mordaunt, and Theodore Ruberg, Elizabeth Ruberg and Lillian Ruberg, that Simon Brown shall deposit on behalf of himself and Pena Brown, Mike Brown and F. S. Mordaunt, with Theodore Ruberg, acting on behalf of himself, Elizabeth Ruberg, his wife, and Lillian Ruberg, his daughter, a certain mortgage for $1,800, covering the place known and described as the J. B. Zorn place, on George's Creek, County of Bamberg, S. C. It being distinctly understood by and between Simon Brown and said Theodore, Elizabeth and Lillian Ruberg, that the mortgage is placed in trust with Theodore Ruberg for the purpose of securing two certain notes given by said Simon Brown to Theodore Ruberg for $1,250 each. One of the said notes having been negotiated to the Brown Mercantile and Banking Co.; it is the intention of the parties hereunto to secure the faithful performance of the terms of the said obligation and to save Ruberg harmless from loss on the said note and to guarantee the payment of any balance due Ruberg from the Brown Mercantile and Banking Co. when due. Also to secure the payment of the other said note from Simon Brown to Theodore Ruberg in the sum of $1,250, as herein mentioned. * * *"

The attachment proceedings in Chicago were withdrawn. The bond and mortgage referred to were duly assigned to Theodore Ruberg, which he still holds. As before remarked, Simon Brown did not pay the balance due Ruberg by Brown Mercantile and Banking Co. on December 1, 1898. Simon Brown, notwithstanding his transfer of the bond and mortgage to Ruberg, has attempted to release said bond and mortgage, and has, through his wife, taken possession of the lands mortgaged. The complaint sets forth all these facts. The answer seeks to avoid them. By agreement, a reference to the master was made to take the testimony and report on all the issues of law and fact. The master's report was in favor of the plaintiff, except that he refused to hold Simon

Brown liable to pay Ruberg any interest on the bond assigned to him by Brown on April 28, 1898. The case came on to be heard by his Honor, Judge Dantzler, who, by his decree, sustained the master's report. Thereupon Simon Brown and Mrs. P. Brown, his wife, have appealed on the following grounds:

"1. Because his Honor erred in his statement of the cause of action herein in saying that 'this is an action to foreclose a mortgage given by one J. B. Zorn, Jr., to the defendant, Simon Brown, and by him assigned to the plaintiff as collateral security to a guaranty by the said defendant, as set out in the complaint;' whereas, he should have stated that the action was one purely and simply upon the guaranty of the defendant, Simon Brown, of the balance due by the Brown Mercantile and Banking Co. to Elizabeth Ruberg, the wife of the plaintiff, on the first of December, 1898, by the Brown Mercantile and Banking Co., and which debt so due Elizabeth Ruberg by the Brown Mercantile and Banking Co. the said Simon Brown, defendant, afterwards, to wit: on the 28th day of April, 1898, guaranteed." We agree with the Circuit Judge that this is an action to foreclose the mortgage assigned by Simon Brown to Theodore Ruberg, on the 28th day of April, 1898. While it is true that the balance due on the claim of Ruberg against the Brown Mercantile and Banking Co. on December 1, 1898, of the sum of $776.57, and interest thereon at seven per cent. from that date, is the indebtedness which Simon Brown agreed to guarantee, and by the assignment of the bond and mortgage intended to secure, yet the sum is the basis of the plaintiff's right to have the mortgage foreclosed for its payment. This exception is overruled.

"2. Because his Honor erred in holding and treating the action set forth in the complaint as an action to foreclose a mortgage of real estate; also, as an action on the guaranty of Simon Brown, defendant; and in rendering judgment against the defendant, Simon Brown, on the alleged guaranty and against the defendants for foreclosure and sale of

premises described in the Zorn bond and mortgage." It is very evident that the same reasoning used to upset the first ground of appeal is directly applicable to this ground of appeal. It is overruled.

"3. Because his Honor erred in holding that the alleged guaranty of Simon Brown, defendant, entered into on the 28th day of April, 1898, 'was an absolute unconditional guaranty by him of the payment by the Brown Mercantile and Banking Co. of such sum as might be due to Ruberg by it on December 1st, 1898;' whereas, he should have held that said guaranty was only a contingent guaranty; and that the liability of Simon Brown, defendant thereon, was not primary, but only secondary, and being contingent, the said guarantor was under no obligation or duty to see that the sum guaranteed was paid until the contingent guaranty had been made certain by notice stating the sum due by the Brown Mercantile and Banking Co. on 1st December, 1898; and being secondary, necessarily involved the conditions of due diligence of the principal debtor, and notice to the guarantor of the default of the Brown Mercantile and Banking Co., and there being no proof as to these facts, there was then no fixed liability of the defendant, Simon Brown, on his said guaranty." We cannot take the view suggested by the appellants in their third ground of appeal, because we think the Circuit Judge made no mistake when he held that Simon Brown made an absolute and unconditional guaranty of the payment of the Brown Mercantile and Banking Co. to Theodore Ruberg of such sum as might be due on December 1, 1898. The definition of guaranty is: "A promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who is himself, in the first instance, liable to such payment or performance." 14th A. & E. Ency. of Law, page 1128. This definition was accepted by our Court in the case of *Carroll Savings Bank* v. *Strother,* 22d S. C., page 555. It is admitted there must be some consideration for the agreement by the guarantor, and when Theodore

Ruberg released the attachment he had taken on Simon Brown's property in the city of Chicago, that was the consideration wooing Simon Brown to enter into his contract of guaranty, besides his contract was under seal, which imports a consideration. Its very terms, for they are in writing, were an absolute guaranty and an unconditional promise of payment on default of the principal. In such case, to bind the guarantor it is not necessary that there should be notice of acceptance of the guaranty, or notice of the default of the principal, or that any steps should be taken to enforce the contract guaranty against the principal. "The guarantee may proceed at once against the guarantor on default of the principal. The guarantor's liability is dependent upon the same rules of law by which the liability of one, who has broken his contract, is determined * * * As already shown, it is an absolute promise to pay the debt at maturity, if not paid by the principal debtor, and the guarantee may bring an action on default of payment at the date named against the guarantor." (See pages 1141 and 1142 of the 14th A. & E. Ency. of Law.) Of course, the basic principle of guaranty is that the guarantor agrees to pay if his principal does not pay. In this instance, demand was made certainly on the 2d of December, 1898, upon the president of the Brown Mercantile and Banking Co., which was refused; and immediately thereafter a demand was made upon Simon Brown. The case of the guarantor and surety are quite distinct as to demands for payment and notice of non-payment. This exception is overruled.

"4. Because his Honor erred in overruling the exceptions to the master's report and in confirming the said report, said exceptions being as follows:

" 'I. (a) Because the said master erred in finding, "That under the written agreement entered into between the plaintiff and the defendant, the said Simon Brown must save Ruberg harmless from loss, on the said note, by paying to him the balance of $776.57 due on the agreement made with the Brown Mercantile and Banking Co., and guaranteed by

said defendant, together with interest at seven per cent. on $100 thereof from the 24th day of March, 1898, and on the balance from the 1st day of December, 1898, the said finding being contrary to the law and the testimony.

" 'II. (b) Because the said master erred in finding as follows: "That a certain bond and mortgage of J. B. Zorn to Simon Brown for $1,800 were deposited as security for any balance that might remain unpaid on the said notes, or on the agreement of the Brown Mercantile and Banking Co., guaranteed by said Simon Brown, as set out in the complaint, and that the premises described in said mortgage should be sold to satisfy the balance due to said Theodore Ruberg, as reported herein, together with ten per cent. thereof as attorney's fees, as provided by said bond and mortgage, and the costs of this action." Said finding being unwarranted by the pleadings, contrary to the evidence in the cause, and the law applicable to the case.

" 'III. (c) Because the master erred in his findings of both law and fact, and in adjudging that the defendant was indebted to the plaintiff in any sum whatsoever, on any agreement or guaranty, no agreement or guaranty having been entered into between the plaintiff and the defendant alone, for any balance due the plaintiff on account of the Brown Mercantile and Banking Co.

" 'IV. (d) Because the master erred in finding that the premises described in the bond and mortgage of J. B. Zorn should be sold to pay the amount of principal and interest due and owing to the plaintiff by the defendant, as found by the said master's report, together with the attorney's fees of ten per cent., as in and by the said bond and mortgage mentioned.

" 'V. (e) Because the master erred in finding as follows: "That the facts stated in the complaint are true;" whereas, he should have found from all the evidence in the cause just the contrary; and in not stating his findings of law and fact separately in his report and not jumbling them together therein, as shown by said report.

" 'VI. (f) Because the master erred in finding, without the testimony to support the same, that the Ruberg mentioned in the agreement entered into on the 28th day of April, 1898, was the plaintiff in the action, Theodore Ruberg, and not his wife, Elizabeth Ruberg, to whom the said promissory note had been duly transferred, and who had discounted the same with the Brown Mercantile and Banking Co., and who was to be saved harmless from loss on said note; the said Theodore Ruberg then having no interest whatsoever in the said promissory note, and the proof showing none, and consequently the said guaranty as to the plaintiff was without consideration, and was null and void.

" 'VII. (g) Because the master erred in finding the defendant, Simon Brown, should pay to the plaintiff, Theodore Ruberg, $776.57, on the agreement made with the Brown Mercantile and Banking Co., and guaranteed by him, together with interest at seven per cent. on $100 thereof, from the 24th day of March, 1898, and on the balance from the first day of December, 1898; the said finding being without testimony to support the same, and contrary to the evidence and the law.' "

(a) We do not find that the master made any error in his finding of fact, as herein indicated.

(b) Nor was there error in the finding of fact, as here complained of.

(c) We find the facts the same as those found by the master and Circuit Judge.

(d) We find that the master did not err that the premises, known as the Zorn mortgaged premises, should be sold to pay the amount of the principal and interest due the plaintiff by the defendant. Simon Brown pledged these mortgaged premises to the payment, herein indicated, and it would be unjust to allow him or his wife to avoid their just liability to the plaintiff by having a deed made to them of such mortgaged premises and a cancellation of the mortgage. This is a proceeding in equity, and in equity and good conscience, Simon Brown and his wife should be required to have the

mortgaged premises sold and apply the proceeds to the ex-
tinguishment of this debt.

(e) We do not find that the master erred, as herein com-
plained of.

(f) We do not find an error in the finding of fact, as here
complained of.

(g) Nor do we find that the master erred in requiring
Simon Brown to pay to the plaintiff $776.57, with interest
thereon. This was the debt he guaranteed, and he should
be required to make the payment, or in default thereof, that
the land be sold and the proceeds of sale be applied to the
payment thereof. This exception is overruled, and also its
subdivisions.

"5. Because his Honor erred in holding that: 'It is clear
that the Brown Mercantile and Banking Co. owed Ruberg
on the date mentioned the sum found by the master, and
which has never been paid; Brown obligated himself to pay
this sum absolutely, if the principal debtor did not. He
knew that he would have to pay his discounted note when
due in the hands of any endorsee who might hold it. He
knew, too, that he was liable on his guaranty to the plaintiff,
and it was his misfortune that he did not protect himself
against loss by reason of that guaranty. He did not do so,
and cannot now complain;' whereas, from the evidence
and circumstances he should have found and held, and con-
cluded just the reverse. That it was and is not clear from
the testimony that the Brown Mercantile and Banking Co.
owed Ruberg on the 1st of December, 1898, the sum found
by the master; that the same never has been paid; that Simon
Brown, defendant, obligated himself to pay this sum abso-
lutely, if the Brown Mercantile and Banking Co., the prin-
cipal debtor, did not; that he knew he would have to pay his
discounted note when due in the hands of any endorsee who
might hold it; that he knew, too, that he was liable on his
guaranty to the plaintiff, and that it was his misfortune that
he did not protect himself against loss by reason of that
guaranty, as the debt alleged to have been guaranteed was

not definite in amount.   At that time there had been no default of the Brown Mercantile and Banking Co., the principal debtor.   No notice of its default when the debt became due had been given to said Simon Brown, defendant. No demand was ever made on him for this balance, if any, and the Brown Mercantile and Banking Co. had not been first exhausted.   Under these circumstances, there was no liability on the part of the defendant, Simon Brown, and no judgment could have been rendered against him by reason of this alleged guaranty."   We find and hold that the Circuit Judge made no error in this decree, as here attempted to be pointed out by the appellant.   This exception is overruled.

"6. Because his Honor erred in holding that 'the mortgaged premises were conveyed to the defendant, Pena Brown, upon no other consideration than the satisfaction of said bond and mortgage,' and that 'that satisfaction as against the assignee is void, and that the land in the possession of Pena Brown is subject still to the lien of the mortgage whose assignment carried to the assignee every right under it held by the mortgagee;' whereas, he should have found and held that the title deed, if any, of J. B. Zorn, Jr., to Pena Brown of the mortgaged premises not being in evidence, it was impossible to know the true and real consideration therein mentioned; that against the assignee thereof said satisfaction was not void; that the lands described in the mortgage and in possession of Pena Brown were no longer subject to the lien of said mortgage, and could not in this action be sold to satisfy any judgment rendered against the said Simon Brown, defendant, on any guaranty made by him as to the debt due by the Brown Mercantile and Banking Co. to Mrs. Elizabeth Ruberg on the 1st December, 1898, and then carried on its books, by reason of the discounting of the said promissory note transferred to her by her husband, and by her transferred to and negotiated by said corporation."   We find his Honor made no mistake as here pointed out by the appellant.   A careful

scrutiny has convinced us that his finding of facts and con-
clusion of law, as here referred to, are entirely correct.

"7. Because his Honor erred in ordering and adjudging,
'that the plaintiff have judgment against the defendant,
Simon Brown, for $988.35, and ten per cent. thereof, or
$98.83, as attorney fee, amounting in the aggregate
to $1,087.18, and costs.' The guarantor, even if the
guaranty was valid, not having had notice of the de-
fault of the principal, said guaranty being only contingent,
and his liability only secondary, and the principal debtor
never having been called upon, or exhausted, and the par-
ties all being of lawful age to contract as to attorney's fee,
even if said defendant was liable therefor." We find his
Honor did not err, as here attempted to be pointed out. The
guarantor did have notice of the default of the principal,
and the principal debtor was called upon for payment in the
first instance, and averred his inability to do so. This ex-
ception is overruled.

"8. Because his Honor erred in rendering judgment for
foreclosure and sale of the premises described in the mort-
gage assigned in trust by Simon Brown to Theodore Ru-
berg as collateral to his alleged guaranty against the de-
fendants in this action, and under the existing facts and cir-
cumstances, and the law necessarily applicable in such cases."
We find no error in the judgment of the Circuit Judge as
pointed out in this exception. This exception is, therefore,
overruled.

"9. Because his Honor erred in ordering and adjudging
that the proceeds arising from a sale of the mortgaged
premises by the master should be applied by him to the pay-
ment of taxes, costs, attorney's fee, and the amount due the
plaintiff, and to hold the surplus subject to the further order
of the Court; such application of the proceeds being, even
if the said guaranty be valid, and the foreclosure and sale
of the lands described in the mortgage assigned as afore-
said be justifiable, unwarranted, contrary to law and, there-
fore, erroneous." Nor did his Honor commit any error in

the administrative part of his decree as here complained of. This exception is, therefore, overruled.

"10. Because his Honor erred in holding that the guaranty of Simon Brown was, and is, an absolute, unconditional guaranty; whereas, he should have held that the said guaranty only warranted the solvency of the Brown Mercantile and Banking Co., and that Simon Brown's liability to pay the debt of the said banking company, to the plaintiff, did not arise until after due diligence shown on the part of the plaintiff to collect the same from the principal debtor." We agree with the Circuit Judge, that the guaranty of Simon Brown was, and is, an absolute, unconditional guaranty, and that Simon Brown's liability to pay the debt to the plaintiff has arisen, and that due diligence was shown on the part of the plaintiff to collect the same from the principal debtor.

"11. That his Honor erred in failing to draw the distinction between the legal liability of a guarantor and a surety, and after holding that Simon Brown was, and is, a guarantor, applied the law of suretyship to his obligation." His Honor did not fail to draw the distinction between the legal liability of the guarantor and a surety. The distinction is palpable and existed in this case. This exception is overruled.

"12. That his Honor erred in holding paper signed by Simon Brown 'absolute, unconditional guaranty;' whereas, he should have held that the writing was only a proposal to guarantee, and was void for want of notice of acceptance, as the amount of the debt was at that time unascertained and unascertainable, and there is no evidence whatever of notice of acceptance." His Honor did not err in holding the paper of Simon Brown an absolute, unconditional guaranty. It was not a proposal to guarantee, and was not void for want of notice of acceptance, as claimed by the appellant. This exception is overruled.

"13. That his Honor erred in decreeing judgment against the defendant, Simon Brown, for the amount due the plaintiff by the Brown Mercantile and Banking Co., or for any

amount upon the guaranty; whereas, he should have held and decreed that the said defendant was discharged and relieved from all liability under and by reason of said guaranty, by the lack of due diligence on the part of the plaintiff to collect the debt out of the principal debtor, the great preponderance of the evidence showing failure to exercise due diligence on the part of the plaintiff to collect the debt from the principal." His Honor made no mistake in decreeing judgment against the defendant, Simon Brown, as herein complained of. He could not have held that the said defendant was discharged and relieved from all liability under and by reason of said guaranty for the plaintiff to use all proper diligence to collect his debt out of the principal debtor. He made the demands in time and gave Simon Brown notice thereof in time, but the Brown Mercantile and Banking Co. failed and went out of business, on the 6th day of December, 1898, before Simon Brown's attorney, Mr. Izlar, sought to get copies of the papers to sue said company. This exception is overruled.

"14. That his Honor erred in holding and decreeing that the assignment of the bond and mortgage executed by Zorn to Simon Brown was intended to secure the payment of the debt due the plaintiff by the Brown Mercantile and Banking Co.; whereas, he should have held and decreed that the assignment of the said bond and mortgage was intended solely for the purpose of securing the payment of two promissory notes made by Simon Brown, and that upon the payment of these notes, the object of the assignment had been met and the bond and mortgage should have been returned to Simon Brown, in accordance with the plain terms of assignment indorsed upon the said bond and mortgage." His Honor did not err in decreeing that the assignment of the bond and mortgage executed by Zorn to Simon Brown was intended to secure the payment of the debt due the plaintiff by the Brown Mercantile and Banking Co. This exception is overruled.

"15. That his Honor erred in construing the assignment and the guaranty agreement as constituting one contract; whereas, he should have held that these writings constitute separate and distinct contracts, and should have construed each contract as speaking for itself, and relating to two separate and distinct transactions having no connection with each other." The Circuit Judge did not err in construing the assignment and guaranty agreement as constituting one contract. The language of both instruments showed the purpose of the parties to be as held by the Circuit Judge. This exception is overruled.

"16. That his Honor erred in decreeing foreclosure of the Zorn mortgage and sale of the lands covered thereby, and ordering proceeds arising from said sale to be applied to the payment of a debt for which the said mortgage was a lien upon the lands; whereas, he should have held that the mortgage could only be foreclosed to pay the debt evidenced by the bond mentioned in the mortgage, and that the complaint did not seek to establish that debt or to ascertain the amount thereof, and, therefore, have dismissed the complaint." His Honor did not err in decreeing a foreclosure of the Zorn mortgage and a sale of the land covered thereby, and ordering the proceeds to be applied to the payment of the debt due the plaintiff by reason of the failure of the Brown Mercantile and Banking Co. to pay, as provided, on the first day of December, 1898. This exception is overruled.

"17. That his Honor erred in decreeing for the attorney's fee in this action, when it is expressly stipulated that the said fee should be collected as a part of the mortgage debt in case the same should have to be collected by legal process or by an attorney; whereas, in this action there is no attempt made to collect the mortgage debt, or effort made to ascertain and establish the amount of the same." His Honor did not err, as herein attempted to be pointed out. It is expressly stipulated that if the mortgage had to be foreclosed, the attorney's

fee should be as therein provided. This exception is over-ruled.

Thus we have disposed of the defendant's grounds of appeal. It remains to dispose of the appeal suggested by the plaintiff.

"Plaintiff also appeals upon the ground that the Circuit Judge erred in not allowing plaintiff the interest on the Zorn bond and mortgage as a bonus, to be held by him independently of the debt due by the Brown Mercantile and Banking Co., and in not decreeing foreclosure for same, as well as for the sums found due by the master." We do not think that any liability was created by Brown under his agreement of April 28, 1898, to pay Ruberg the interest accruing on the Zorn bond. There would be no ground in justice or equity to require this payment to Theodore Ruberg. Both the master and Circuit Judge took this view of the matter, and we refuse to disturb their joint conclusion. This ground of appeal is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the action is returned to the Circuit Court to enforce its decree in the premises.

MR. JUSTICE GARY *did not sit in this case because of illness.*