20025

**NUCOR CORPORATION, Respondent, v. FANEVIL CONSTRUCTION INCORPORATED, Appellant**

(215 S. E. (2d) 634)

*E. N. Zeigler, Esq.,* of Florence, *for Appellant,*

*Messrs. Marvin P. Jackson, Jr.,* of Florence, and *Delaney, Mellette & DeArmon,* of Charlotte, N. C., *for Respondent,*

460

June 4, 1975.

Moss, Chief Justice.

Nucor Corporation, the respondent herein, instituted this action against Fanevil Construction Incorporated, the appellant herein, seeking to recover the balance due it under the terms of a contract entered into by the parties.

It appears that the respondent is a corporation organized and existing under the laws of the State of Delaware, with a division thereof located in the city and county of Florence, South Carolina, where it is engaged in manufacturing steel joists used primarily in the framework of large buildings for support purposes.

The appellant is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in said state. It is engaged in the

general construction of large buildings. It is agreed that the appellant has no agents, officers, servants, representatives or places of business in South Carolina.

It appears that on May 19, 1972, the appellant signed a purchase order, on its own letterhead, directed to the respondent at its address in Florence, South Carolina, providing that it manufacture and design, in its plant at Florence, South Carolina, a number of steel joists in accordance with the plans and specifications for a proposed school building to be constructed in the State of Massachusetts for the agreed purchase price of $18,700.00. The respondent, in compliance with its agreement, designed and manufactured the steel joists and delivered them to the appellant. The appellant made two payments on this account to the respondent in Florence, South Carolina.

Upon arrival of the steel joists at the job site in Massachusetts, the appellant expressed dissatisfaction with the condition of some of them. After negotiations between the parties, and by mutual consent, these joists were returned to the respondent's plant in South Carolina, and were rebuilt, repaired and sent back to the appellant. The appellant refused further payment, whereupon the respondent commenced this action to recover the amount due under the contract.

The summons and complaint in this action was served upon the Secretary of State pursuant to Section 10-424 of the Code, as amended. The appellant, following the receipt of the summons and complaint, made a special appearance and objected to the jurisdiction of the court upon the grounds that it does no business, has no agents, and owns no property in the state nor has it engaged in activity which would subject it to the jurisdiction of the courts of this State.

The motion of the appellant was heard by the Honorable David W. Harwell, Resident Judge, upon documentary and oral evidence and affidavits. Thereafter, he denied the motion to dismiss and held that the Court of Common Pleas

for Florence County had jurisdiction of the appellant because "it is clear that the contract of the parties contemplated and resulted in at least partial performance by both parties in the State of South Carolina." This appeal followed.

It is well settled that a finding of the lower court that a defendant was transacting business in South Carolina to the extent necessary to subject it to the jurisdiction of the courts of this State is binding upon us unless without support in the evidence, or manifestly influenced or controlled by error of law. *Triplett v. R. M. Wade and Co.*, 261 S. C. 419, 200 S. E. (2d) 375.

Our long-arm statute has been codified as Sections 10.2-801 through 10.2-809, Vol. 2A, at page 227. It is provided in Section 10.2-803 as follows:

"(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's * * *

"(g) entry into a contract to be performed in whole or in part by either party in this State."

It is apparent from the facts heretofore recited that all parties knew, by the terms of the contract, that certain acts would be performed in this State. We conclude that since significant portions of this contract were to be performed in South Carolina, the trial judge correctly determined that the appellant was subject to the jurisdiction of the courts of this State by virtue of the Code provisions above quoted. The conclusion here reached is in accordance with out decision in *Engineered Products v. Cleveland Crane and Engineering*, 262 S. C. 1, 201 S. E. (2d) 921.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, LITTLEJOHN and NESS, JJ., and BRAILSFORD, A. A. J., concur.