20874

COZI INVESTMENTS, Respondent, v. Stanley A. SCHNEIDER and Leonard L. Merl, d/b/a Schneider and Merl Associates, Appellants.

(252 S. E. (2d) 116)

*Leatherwood, Walker, Todd & Mann,* Greenville, *for appellants.*

*Foster, Covington & Patrick,* Greenville, *for respondent.*

February 5, 1979.

*Per Curiam:*

This action was brought by respondent Cozi Investments against appellants Stanley A. Schneider and Leonard L. Merl, d/b/a Schneider and Merl Associates to recover actual damages based on a lease guaranty agreement. The issue on appeal is whether the lower court correctly found that personal and subject matter jurisdiction exists as to appellants. We affirm.

The order of the lower court properly sets forth and resolves all questions presented by this appeal and is adopted, with minor modifications, as the opinion of this Court:

## ORDER OF JUDGE EPPES

The facts of the case are as follows. The respondent, Cozi Investments, is a North Carolina partnership composed of Peter A. Ziman, a resident of Charleston, South Carolina, and Floyd Cohoon, a resident of Raleigh, North Carolina. Cozi Investments owned certain theatre premises in the Easley Mall in Easley, South Carolina. On December 10,

1974, Cozi entered into a lease contract with Easley Cinema Corporation, a North Carolina corporation, composed of Ziman, Cohoon, as well as the appellants, Schneider and Merl. Simultaneously and contemporaneously with the execution of the lease, the appellants Schneider and Merl executed a personal guaranty, guaranteeing the performance of all of the terms, covenants and conditions of the lease by the tenant, Easley Cinema Corporation. Easley Cinema Corporation thereafter defaulted in its lease obligations and this cause of action was instituted against the appellants on the basis of the guaranty. The appellants are citizens and residents of Raleigh, North Carolina, and Schneider and Merl Associates is a North Carolina partnership.

Jurisdiction in the instant case is based solely upon the Long-Arm Statute, Section 36-2-803, South Carolina Code of Laws, 1976. Jurisdictional questions necessarily dictate a bifurcated determination. The first issue which must be approached in this case is whether the acts of the appellants have brought them within the scope of the Long-Arm Statute of this State . . . The respondent asserts that the appellants, by executing the guaranty, transacted business within this State, contracted to supply services or things in this State, had an interest in, used or possessed real property in this State, and entered into a contract to be performed in whole or part by either party in this State. The relevant portion of the guaranty provided as follows:

"FOR VALUE RECEIVED, SCHNEIDER AND MERL ASSOCIATES, a partnership with its principal office located at Raleigh, N. C., does hereby unconditionally guarantee to Cozi Investments, its legal representatives, successors and assigns, the full and due performance by the Tenant named in the within Agreement of Lease, dated December 10, 1974, and its legal representatives, successors and assigns, of each and all of the terms, covenants and conditions of said lease on the Tenant's part to be performed."

The lease agreement provided for the occupation of a store building in the Easley Mall, Easley, South Carolina, for a period of twenty (20) years to be operated as a theatre. The rent agreement provided for a minimum guaranteed rent plus a percentage rent of the gross sales in excess of the specified amount. The lease provided also for use and possession of the common area including the parking facilities surrounding the building.

It seems clear that a cause of action for breach of the lease would be jurisdictionally appropriate in this State. Hence, the determination must be whether there is any viable distinction to be raised from the cause of action based upon breach of the guaranty agreement. "[A guaranty is said to be] 'a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who is himself, in the first instance, liable to such payment or performance.' *Ruberg v. Brown*, 71 S. C. 287, 293, 51 S. E. 96, 98; *Carroll County Savings Bank v. Strother*, 28 S. C. 504, 6 S. E. 313." *McGee, et al. v. F. W. Poe Manufacturing Company*, 176 S. C. 288, 293, 180 S. E. 48, 51 (1935). Generally, a guaranty of performance of covenants of a lease made in consideration of the lease premises, is an absolute undertaking upon which the guarantor is liable immediately upon the default of the lessee. 49 Am. Jur. (2d), Landlord and Tenant, Section 662, Page 632.

It is absolutely clear that the guaranty instrument was unconditional in the instant case by its specific terms. It is also apparent that the guaranty incorporates the lease agreement by specifically referring to it and by the fact that it was attached to the guaranty agreement.

Our Supreme Court has had the opportunity to enunciate the factors and parameters necessary to establish jurisdiction under the Long-Arm Statute in a breach of contract action. . . . In *Nucor Corporation v. Fanevil Construction, Inc.*, 264 S. C. 458, 215 S. E. (2d) 634 (1975), the Su-

preme Court upheld jurisdiction of a non-resident corporation. In affirming the trial court the Supreme Court stated: "It is apparent from the facts heretofore cited that all parties knew, by the terms of the contract, that certain acts would be performed in this State. We conclude that since significant portions of the contract were to be performed in South Carolina, the trial judge correctly determined that the appellant was subject to the jurisdiction of the courts of this State by virtue of the provisions above-quoted. . . ." 264 S. C. at 462, 215 S. E. (2d) at 636.

It is inescapable that the appellants contemplated at the time of execution of their guaranty that significant portions of the guaranty would be performed in South Carolina. The appellants absolutely contracted to guarantee performance of a lease involving real estate in South Carolina . . .. I find that the acts of the appellants in executing the guaranty clearly brought the appellants within the parameters of Section 36-2-803(1)(g) in that they entered into a contract to be performed in whole or part by either party in this State. I further find that this cause of action arises solely out of a breach of the guaranty contract.

South Carolina's Long-Arm Statute has been construed on several occasions as a grant of jurisdiction as broad as constitutionally permissible. *Hardy v. Pioneer Parachute Company*, 531 F. (2d) 193 (4th Cir. 1976); *Foremost Pipeline Construction Company v. Ford Motor Company*, 420 F. Supp. 647 (D. S. C. 1976); *Anthony v. Drovers National Bank*, 405 F. Supp. 626 (D. S. C. 1975). Hence, the parameters of our Long-Arm Statute are restricted only by the due process limitations. The second issue of the bifurcated jurisdictional determination is whether or not there are minimum contacts in this State to satisfy traditional notions of fair-play and substantial justice. *Jacobs v. Association of Independent Colleges and Schools*, 265 S. C. 459, 219 S. E. (2d) 837 (1975); *Boney v. Trans-State Dredging Company*, 237 S. C. 54, 115 S. E. (2d) 508 (1960). Although the lease agreement in

the instant case required retention of books and records in North Carolina, several significant actions were required to be made within the State. All notices were required to be given to the lessor in Charleston, South Carolina. In addition, rent payments were to be made in Charleston. The lease and guaranty agreements were for a term of twenty (20) years. Most significantly, the appellants made monthly inspections and visits to the leased premises in Easley, South Carolina from December 10, 1974 until June of 1976 either personally or by one of their representatives.

. . . I find, therefore, that due process of law will not be offended by the exercise of jurisdiction in the instant case where the appellants purposefully and voluntarily committed themselves to a guaranty contract relating to South Carolina property for a term of twenty (20) years.

I therefore find that the Motion of the appellants to dismiss the cause of action is denied, and that the Motion of the respondent seeking an Order requiring the appellants to answer the Complaint is hereby granted.

Affirmed.