0188

R. Preston LACKEY, Respondent, v. James M. TREADWELL, Appellant.

(316 S. E. (2d) 724)

Court of Appeals

J. D. Todd, Jr., of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

J. Wright Horton of *Horton, Drawdy, Hagins, Ward & Johnson,* Greenville, *for respondent.*

June 1, 1984.

GOOLSBY, Judge:

James M. Treadwell, Jr., a Georgia resident, appeals an order denying his motion to quash service of a summons and complaint. The respondent R. Preston Lackey, a South Carolina resident, served the summons and complaint upon Treadwell pursuant to South Carolina's "long-arm statute." *See* S. C. Code of Laws § 36-2-803 (1976). The principal question on appeal is whether traditional notions of fair play and substantial justice prevent the courts of South Carolina from exercising *in personam* jurisdiction over Treadwell in this instance.

Lackey seeks to recover retirement benefits from Treadwell under a written partnership contract made in South Carolina and signed by Lackey, Treadwell, and three others on November 30, 1975. The agreement established a partnership known as Lackey, Ferrell, Harris & Treadwell, CPAs, for the purpose of rendering accounting services in Georgia and South Carolina.

Under the agreement, each partner became entitled to participate ratably in the profits, property, and other assets of the partnership; however, each partner also assumed a ratable responsibility for the debts and other obligations of the partnership. One obligation involved the payment of retirement benefits for 120 months to any partner who retired. The agreement expressly provided that, in the event of dissolution of the partnership, sums due as a result of the retirement of a partner would be assumed ratably by each partner and each partner would pay his ratable share of each installment as it became due.

Lackey retired on December 1, 1975, the partnership's effective date, and for two years received monthly retirement benefits from the partnership. The partnership dissolved on January 1, 1978. All partners except Treadwell pay Lackey each month their respective ratable portions of the retirement benefits due him under the partnership contract. Treadwell refuses to pay his ratable share.

We agree with the Circuit Court. Treadwell's acts ■ brought him within the scope of South Carolina's "long-arm statute." Section 36-2-803 of the Code provides in part as follows:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

  (a) transacting any business in this State;

  (b) contracting to supply services or things in the State;

  . . . .

  (g) entry into a contract to be performed in whole or in part by either party in this State; . . . .

The record clearly manifests that Treadwell entered into a contract to be performed partly in this state when he signed the partnership agreement. Indeed, the partnership of which he was a member transacted business and supplied accounting services in South Carolina for over two years. The partnership also contracted to provide retirement benefits to retiring partners; and for more than two years, it provided these benefits to Lackey in South Carolina. The partnership's activities fall squarely within the provisions of the "long-arm statute."

Treadwell argues that he lacks sufficient minimum ■ contacts within South Carolina upon which to base *in personam* jurisdiction. We affirm the Circuit Court in that regard, however, and hold that the maintenance by Lackey in South Carolina of his action against Treadwell "does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U. S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945). The execution by Treadwell within South Carolina of the partnership

contract out of which Lackey's cause of action arose constitutes a substantial connection with this state and a realistic basis for the exercise of *in personam* jurisdiction over Treadwell. *Compania De Astral, S. A. v. Boston Metals Co.*, 205 Md. 237, 107 A. (2d) 357, 108 A. (2d) 372, 49 A.L.R. (2d) 646 (1954), *certiorari denied*, 348 U. S. 943, 75 S. Ct. 365, 99 L. Ed. 738 (1955); Annot., 20 A.L.R. (3d) 1201 at 1216-21 (1968); 20 Am. Jur. (2d) *Courts* § 146 at 494 (1965).

Other actions by Treadwell make his connection with South Carolina even more substantial. Treadwell participated in a partnership that for two years or more enjoyed the privilege of conducting accounting activities in South Carolina and received the benefit and protection of South Carolina's laws. Treadwell also ratably assumed, upon the dissolution of the partnership and pursuant to the partnership contract, the partnership's obligation to pay retirement benefits to Lackey in South Carolina. *See First-Citizens Bank and Trust Co. v. McDaniel*, 18 N. C. App. 644, 197 S. E. (2d) 556 (1973) (where promise by nonresident to pay debt owed by another to North Carolina resident held to constitute sufficient minimal contact upon which North Carolina could assert personal jurisdiction over defendant); *cf. Cozi Investments v. Schneider*, 272 S. C. 354, 252 S. E. (2d) 116 (1979) (sufficient minimum contacts held to exist where North Carolina residents contracted to guarantee performance of a lease involving real estate in South Carolina, rent payments were to be made in South Carolina, and guarantors visited and inspected leased premises monthly).

We also uphold the Circuit Court's finding that to require Treadwell to defend himself in South Carolina would further the interest of justice and would be neither unfair to Treadwell nor cause him undue hardship. In fact, Treadwell does not contend otherwise. Although he includes an exception that raises the issue of unfairness or hardship, Treadwell nowhere argues it in his brief. An exception not argued in the brief is deemed abandoned. *State v. Vaughn*, 268 S. C. 119, 232 S. E. (2d) 328 (1977). In any case, the findings of the Circuit Court are binding upon this court where, as here, no showing was made that they either lack evidentiary support or are manifestly influenced or controlled

by an error of law. *Nucor Corp. v. Fanevil Construction, Inc.*, 264 S. C. 458, 215 S. E. (2d) 634 (1975).

Affirmed.

CURETON, J., concurs.

GARDNER, J., dissents.

GARDNER, Judge, dissenting:

Matters of *in personam* jurisdiction of nonresident defendants are governed by decisions of the federal courts. My brethren of the majority opinion apparently differ dramatically with me in the interpretation of the case law applicable to the issue before us.

Our differences are twofold.

Our first difference relates to what activity of Treadwell in South Carolina is relevant in determining whether *in personam* jurisdiction of South Carolina courts over Treadwell is consonant with traditional notions of fair play and substantial justice and therefore not violative of the due process clause of U. S. Constitution. It is my belief and firm understanding of the U. S. case law *that only activity relating to the subject matter of the litigation is pertinent* to the question before us; on the other hand my brethren of the majority opinion would include Treadwell's activity by partnership agency with everyone.

"When a controversy is related to or 'arises out of' a defendant's contacts with the forum, the court has said that a 'relationship among the defendant, the forum and the litigation' *is the essential foundation of in personam jurisdiction."* *Helicopteros Nacionales de Colombia, S. A., Petitioner v. Elizabeth Hall, et al.,* U. S. Supreme Court Decision No. 82-1172, U. S. Law Week, April 17, 1984.

The subject matter of this litigation is an agreement by Treadwell and Lackey that upon termination and dissolution of the partnership and after application of all partnership assets, including the capital accounts of the partnership, Treadwell would, at that time, assume a ratable part of the former partnership liability for retirement benefits due Lackey. The assumption by Treadwell would, perforce of his residence, have to occur in Georgia . . . not in South Carolina.

Treadwell's activity in reference to the litigation therefore relates to Georgia, not South Carolina.

Our second difference is that the majority opinion disregards the rule that the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure" is, in actuality, the litmus test. *International Shoe Company v. Washington*, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). We must be concerned, then, that Treadwell shall not be deprived of the advantage of trial in his home state unless it is completely consonant with the fair and orderly administration of the laws of our state (S. C.). In determining the fairness of requiring Treadwell to submit to the jurisdiction of our courts, we must of course, look to the apparent conduct or misconduct of the South Carolinian whom we choose to favor. Let us examine Lackey's conduct in this litigation.

The partnership agreement provided that a partner may retire at the end of any fiscal year. Lackey retired on the very first day of the beginning of the partnership business. Not only did Lackey retire before the contract permitted retirement, the record shows that Lackey, before retirement, failed to pay into the partnership capital account his agreed[1] contribution of $72,800. All this is of record and undisputed; it smells of trickery, deception and sharp dealing. It offends this judge's concept of fair play and substantial justice.

Additionally, as stated, Lackey agreed by the partnership contract, that upon dissolution, the partnership relation between him and Treadwell *would revert* to the personal relationship of a citizen of South Carolina vis-a-vis a citizen of Georgia. Lackey agreed that the joint and several liability of the partners before dissolution of the partnership would upon dissolution be replaced by Treadwell's agreement to assume a ratable part of the retirement liability but subject to a condition precedent, i.e., application of partnership assets, including the capital account, to the retirement liability. This would of course include the $72,800 that Lackey owed the part-

---

[1] The partnership contract provided that each partner would pay into the partnership capital account an amount proportionate to the units assigned each partner. Lackey was assigned 26 units; Treadwell 7 units. Treadwell paid into the partnership's capital account his $19,600. Lackey failed to pay anything into the capital account for the year he retired or any year since.

nership account. Lackey's complaint makes no mention of this responsibility of his with which he has not complied.

Our power to exert *in personam* jurisdiction over Treadwell, in the final analysis, depends upon our concept of fairness and convenience, not just upon some thesis that the promises and agreements between Lackey and Treadwell took place in South Carolina and not Georgia. *Ratliff v. Cooper*, 444 F. (2d) 745 (4th Cir. 1971).

It is my opinion that the State of South Carolina should have no interest in litigating Lackey's case in our courts. The balance of factors to be considered strongly favor Treadwell's motion. I, as a judge of equity, would invoke the doctrine of forum non conveniens. It offends my concept of fair play and substantial justice to deprive Treadwell of his "home turf" in litigating this case.

I would reverse.