THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication Workers of America, AFL-CIO,       
Appellant,
 
 
 

v.

 
 
 
Local 273 Land Company,       
Respondent.
 
 
 

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2005-UP-240 
 Submitted March 1, 2005  Filed April 6, 2005

AFFIRMED IN PART, REVERSED IN PART, and REMANDED

 
 
 
John J. Hearn, of Columbia, for Appellant.
James Lee Bell, of Charleston, for Respondent.
 
 
 

PER CURIAM:  International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication Workers of America, AFL-CIO appeals the trial courts dismissal of its causes of action against Local 273 Land Company.  We affirm in part, reverse in part, and remand. 
FACTS
In the 1960s, the members of Local #273 formed the Furniture Workers Realty Company (Realty Company), an eleemosynary corporation.  After its formation, Realty Company purchased two lots of land located in Sumter, South Carolina.  The members of Local #273 subsequently formed Local 273 Land Company (Land Company), also an eleemosynary corporation, and in 1982, Realty Company deeded the lots to Land Company.  
In 1986, Local #273 and Land Company voted to execute a note and mortgage on the lots in favor of the United Furniture Workers of America (UFWA).  Later in 1986, UFWA merged with the International Union of Electrical, Radio, and Machine Workers of America (IUE).  In 1996, the plant that Local #273 was affiliated with closed.  Due to the plant closing, Local #273 dissolved.  In 2000, IUE merged with the Communication Workers of America (CWA) to form
IUE-CWA.  
The 1999 IUE constitution required local unions that disband to transfer all assets and property to IUE.  Based on this provision in the IUE constitution, IUE-CWA filed suit in 2003 against Land Company seeking declaratory judgment for the recovery of real property, a declaration of a constructive trust, and an accounting.  Land Company responded by filing a motion to dismiss pursuant to Rule 12(b)(1), (b)(2), and (b)(6).  The trial court granted Land Companys motion.  IUE-CWA then filed a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  The trial court denied this motion.  This appeal followed.
STANDARD OF REVIEW
Rule 12(b)(1), SCRCP, allows a court to dismiss an action for lack of subject matter jurisdiction.  Issues relating to subject matter jurisdiction may be raised at any time, including on appeal.  Bunkum v. Manor Prop., 321 S.C. 95, 99-100, 467 S.E.2d 758, 761 (Ct. App. 1996).  Lack of subject matter jurisdiction may not be waived and should be taken notice of by this Court. 
Amisub of South Carolina, Inc. v. Passmore, 316 S.C. 112, 114, 447 S.E.2d 207, 208 (1994).
The decision whether to grant a motion to dismiss pursuant to Rule 12(b)(2), SCRCP, for lack of personal jurisdiction, must be resolved upon the facts of each particular case. 
Engineered Prod. v. Cleveland Crane & Engg,
262 S.C. 1, 4, 201 S.E.2d 921, 922 (1974).  A finding of personal jurisdiction by the trial court is binding unless unsupported by the evidence or controlled by an error of law. 
Nucor Corp. v. Faneuil Constr. Inc., 264 S.C. 458, 462, 215 S.E.2d 634, 635 (1975).
In deciding whether to grant a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, the trial court must view the complaint in the light most favorable to the plaintiff. 
Bergstrom v. Palmetto Health Alliance,
 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004).  Based on the complaint, if the facts alleged and the inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case, the motion should be denied. 
Carolina Care Plan, Inc. v. United HealthCare Serv., Inc., 361 S.C. 544, 550, 606 S.E.2d 752, 755 (2004).  In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. 
Bergstrom, 358 S.C. at 395, 596 S.E.2d at 45.
LAW/ANALYSIS
IUE-CWA argues the trial court erred in granting Land Companys motion to dismiss due to its failure to bring the cause of action within the applicable statute of limitations.  IUE-CWA asserts its claims for declaratory judgment, declaration of a constructive trust, and for an accounting are all equitable in nature, and therefore, statutes of limitations do not apply. 
I.  Application of Statutes of Limitations to Action to Recover Real Property
In considering whether the trial court properly dismissed IUE-CWAs action for declaratory judgment, we need not consider whether IUE-CWA brought this claim within the applicable statutory period.  Rule 220(c), provides:  The appellate court may affirm any ruling, order, or judgment upon any ground(s) appearing in the Record on Appeal.  Therefore, we may affirm the decision of the trial court based on IUE-CWAs failure to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6), SCRCP.  IUE-CWAs complaint states IUE-CWA brings its action for declaratory judgment pursuant to S.C. Code Ann. § 15-67-10 et seq. (1976) (Recovery of Real Property).  Section 15-67-10 of the South Carolina Code (2005) provides:  

Persons who may bring action to determine adverse claim.
Any person in possession of real property, by himself or his tenant, or any person having or claiming title to vacant or unoccupied real property may bring an action against any person who claims or who may or could claim an estate or interest therein or a lien thereon adverse to him for the purpose of determining such adverse claim and the rights of the parties, respectively.

(emphasis added). 
In viewing the complaint in the light most favorable to IUE-CWA, we find IUE-CWA does not allege facts from which it would be entitled to relief pursuant to section 15-67-10.  IUE-CWA did not allege it had possession of the property in question, nor did it allege it had or claimed title to vacant or unoccupied property.  Therefore, the trial court correctly concluded:  I find that the Plaintiff was not and has not been in possession of the subject property or a part thereof as reflected by the allegations in the Complaint and the exhibits attached thereto by the Plaintiff.  Accordingly, we affirm the trial courts dismissal of IUE-CWAs cause of action for declaratory judgment relating to the recovery of real property pursuant to section 15-67-10 et. seq..  
In addition, IUE-CWA asserts because the Land Company and Local 273 were virtually indistinguishable, a genuine issue of fact exists as to whether Local #273 was in possession of the parcels until it was disbanded in 1996.  Thus, IUE-CWA argues the pleadings present a fact question of whether or not the statute of limitations on its action for the recovery of real property began to run on September 30, 1996.  If so, IUE-CWA maintains it brought its claim within the ten-year statutory period provided in section 15-3-340 of the South Carolina Code (1976).  We agree IUE-CWA alleges the Land Company was completely owned[1] by Local Union #273.  Importantly, IUE-CWA does not allege the Land Company was its alter ego and in possession of the property during the ten year limitations period.  Thus, these allegations do not serve to overcome IUE-CWAs failure to allege the possession requirements of section 15-3-340.
IUE-CWA also argues if the statue of limitation provided in section 15-3-520(a) of the South Carolina Code (1976) applies to its causes of action, the trial court erred in applying the statute to the facts of this case.  Specifically, IUE-CWA asserts the statute of limitations based on the note and alleged mortgage[2] executed in its favor began to run on March 24, 1986, and clearly this action was commenced well within the twenty-year statutory period provided in section 15-3-520(a). Again, these arguments relate to IUE-CWAs cause of action for recovery of real property.  We have already determined the trial court correctly dismissed this cause of action due to IUE-CWAs failure to state facts sufficient to constitute this cause of action.  Therefore, regardless of the trial courts application of these statutes of limitation, we find the trial court properly dismissed this cause of action for failure to state a claim. Moreover, as indicated in the heading to Article 5, section 15-3-520(a) does not apply to actions for the recovery of real property. We do not read IUE-CWAs complaint as alleging an action on a bond and mortgage as contemplated by section 15-3-520(a).
II.  Application of Statutes of Limitation to Equitable Causes of Action
In regard to IUE-CWAs causes of action for the imposition of a constructive trust and for an accounting, IUE-CWA is correct in stating statutes of limitation are not applicable to equitable causes of action.  See Dixon v. Dixon, Op. No.
25925 (S.C. Sup. Ct. filed Jan. 18, 2005) (Shearouse Adv. Sh. No. 3 at 27) (This Court has held that the statute of limitations does not apply to actions in equity.).  An action to declare a constructive trust is one in equity . . . . 
Macaulay v. Wachovia Bank of South Carolina, N.A., 351 S.C. 287, 294, 569 S.E.2d 371, 375 (Ct. App. 2002).  In addition, [a]n action for an accounting is . . . equitable in nature. Byrd v. King,
245 S.C. 247, 255, 140 S.E.2d 158, 161 (1965).  
The trial court stated:  

I find that the Plaintiff is beyond the Statute of Limitations pursuant to the § 15-3-340; § 15-3-350; § 15-3-520(1); and 15-3-530(1) of the Code of Laws of South Carolina, 1976, as amended, since more than a twenty (20) year period has passed concerning the real property and more than six (6) years have passed pursuant to contractual obligation; and that this Court lacks jurisdiction pursuant to Rule 12(b)(1) and Rule 12(b)(2) of the South Carolina Rules of Civil Procedure; 
. . . .

Sections 15-3-340 and 15-3-350 of the South Carolina Code (2005) pertain to the statutes of limitation governing actions for the recovery of real property.  Section 15-3-520 of the South Carolina Code (2005) provides the statute of limitations for actions on a note secured by a mortgage.  Section 15-3-530 of the South Carolina Code (2005) supplies the statute of limitation for actions upon a contract.  Because an action to declare a constructive trust and an action for an accounting are equitable causes of action, these statutes of limitation do not apply.  Therefore, the trial court erred in dismissing IUE-CWAs causes of action to declare a constructive trust and action for an accounting. 
CONCLUSION
We find the trial court properly dismissed IUE-CWAs action for declaratory judgment pursuant to the statute governing the recovery of real property.  However, we find the trial court improperly dismissed IUE-CWAs complaint concerning its request for a declaration of a constructive trust and for an accounting.  Therefore, the trial courts order is 
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.      
BEATTY and SHORT, JJ., and CURETON, A.J., concur.

[1] The trial court concluded that this allegation is conclusory, rather than factual, and may be disregarded citing Firemans Ins. Co. v. Cincinnati Ins. Co., 302 S.C. 234, 236, 394 S.E.2d 855, 856 (Ct. App. 1990).
[2] While the note is attached as an exhibit to the pleadings, the mortgage is not.